THE PEOPLE *vs.* JOHN COON.

A *justice of the peace* is *indictable* for m' behavior in his office, when he acts *partially*, or *oppressively*, from *mal. cious* or *corrupt* motives.

So an indictment lies against a *justice of the peace*, who, with the intent to pervert the course of law and justice, discharges an offender brought before him, without *requiring sufficient sureties* for his appearance to answer, &c.

The indictment, however, in such case must charge the magistrate to have acted from a corrupt motive, and with the *intent to pervert the course of law and justice;* it is not enough to charge the act to have been done *fraudulently*, *corruptly*, and *in violation of duty :* the indictment must allege *how*, and in what particular the offence was committed.

So also, it must be *directly* and *positively* charged that the offender was discharged *without taking sufficient sureties*, or sureties in a sufficient sum for his appearance ; it is not enough that it is alleged that the magistrate discharged the offender, upon his finding sureties *in a small and trifling sum, to wit*, $50. The offence cannot be charged *argumentatively*, or inferentially.

It is not necessary, in such an indictment, to state the offence with which the party suffered to escape was charged, with the same formality and precision which would be necessary in an indictment against such offender; it is enough, if it be shown that he was charged with a *criminal offence*, and that the proceeding against him was not utterly void. Thus, in this case, where it was alleged that the party suffered to escape had been charged with falsely and fraudulently obtaining the signature of a certain person to a promissory note, by means of certain false pretences, without particularly describing the note, or averring the signature to have been obtained *with the intent to cheat or defraud, &c.* IT WAS HELD, that this being matter of inducement, the indictment was not objectionable in this respect.

ERROR from the Ontario general sessions. The defendant was indicted as a *justice of the peace*, for *not taking sufficient sureties* for the appearance of a person brought before him, on the charge of having, by *false pretences*, obtained the signature of an individual to a promissory note as surety for the offender. He was tried and convicted, and the court of sessions *arrested* the judgment, on the ground that the indictment was not sufficient, and did not set forth an offence known and recognized by the laws of the state, and rendered judgment that the defendant go thereof without day, &c. The district attorney sued out a writ of error. The cause was submitted on written arguments by

*G. W. Clinton*, district attorney of Ontario county.

*J. Wilson*, for the defendant.

*By the Court*, Bronson, J.   There is nothing in the objection that justices of the peace are not liable to be indicted for misbehavior in their offices.   Whenever they act partially or oppressively, from a malicious or corrupt motive, they may be punished criminally.   Discharging an offender without requiring sufficient sureties, when it is done with intent to pervert the course of law and justice, is clearly an indictable offence. *Russell on Crimes*, 213, 214.  4 *Black. Comm.* 141. 6 *Mod.* 96.  1 *Burr.* 556.  3 *id.* 1317, 1716, 1786.  1 *Wils.* 7. 1 *T. R.* 692.  4 *id.* 451.  2 *Chit. Cr. L.* 237, *n. (e)*. *Doug.* 426.  2 *T. R.* 190, 12 *Johns. R.* 356.  2 *Bay's (S. C.) R.* 1. *Precedents* of informations and indictments against justices ; 2 *Chit. Cr. L.* 236 *to* 255 ; *Hand's Cr. Prac.* 97 *to* 130.  It is said that most of the cases in England arose upon *informations* filed by the attorney general, or the master of the crown office, and not upon *indictments*.   There are cases and precedents in both forms ; but the suggestion that many of the cases arose upon informations, only proves that this has been the most usual course of proceeding in England—not that magistrates are exempt from indictment for malversation in their offices.   Informations and indictments are only different modes of prosecution for criminal offences ; and the only important difference between them is, that the one is the mere allegation of the attorney general or some other public officer, and the other is found by the oaths of twelve men.   In England, criminal informations can only be filed for misdemeanors, and in this state they are abolished. *Hawk. b.* 2, *c.* 26, § 1, 4.  *Hand's Cr. Prac.* 1, 2.  2 *Chit. Cr. L.* 161, 165. *Constitution of N. Y., art.* 7, § 7.  It is unnecessary to inquire whether justices of the peace are subject to impeachment ; for if that position could be maintained, they would still be liable to indictment and punishment according to law. *Const. art.* 5, § 2.   If, as has been suggested, the court below, in arresting the judgment, proceeded on the ground that justices of the peace are not liable to indictment for corrupt mal-con-

duct in office, they clearly mistook the law of the land. But the question still remains, whether the indictment was sufficient in point of form. If it be defective, the judgment must be affirmed, although it may be for a different reason from that which guided the court of general sessions.

NEW-YORK, May, 1836.

The People v. Coon.

The first objection urged against the form of the indictment is, that it does not appear that *Goff*, who was let to bail, was charged with any criminal offence before the justice; and if the complaint was defective, it is said that the justice could not be guilty of a crime in suffering the accused to go at large. The complaint made by *Cadwell* against *Goff* was under 2 *R. S.* 677, § 53, which provides, that "Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument," shall, on conviction, be punished by fine or imprisonment, or both. The substance of the statement in the indictment is, that *Cadwell*, upon his oath, entered a complaint before the justice, charging *Goff* with having falsely and fraudulently, by means of certain false pretences in the said complaint mentioned, contrary to the form of the act, &c., induced and procured him to endorse or sign as surety for Goff, a promissory note for the payment of $1200; whereupon the justice caused Goff to be arrested and brought before him; and after examination, declared the complaint sufficiently made out, and required Goff to find sureties to appear at the next court of general sessions to answer the complaint. If this were an indictment against Goff for the cheat, it would clearly be bad. To say nothing of the fact that the note is neither set out nor described, "the *intent* to cheat or defraud," which constitutes the crime, is not averred. Where an act becomes criminal on account of the intent with which it was committed, the particular intention must be averred and proved, 1 *Chit. Cr. L.* 245, *Stark. Crim. Pl.* 198; but the complaint against Goff is here only set forth by way of inducement to the charge against the justice; and I think the indictment was in this respect sufficient. It was not necessary to state the offence of Goff in the same formal manner as would be required in an indictment aginst him for the cheat.

NEW-YORK, Proceedings before magistrates for the arrest and commitment
May, 1836. of offenders are frequently deficient in point of technical form ;
The People. but they should not be regarded as utterly void, where enough
v. appears to show that a crime has probably been committed.
Coon. In this case it may be presumed that the district attorney, in
setting out the matter of inducement, followed the complaint
which had been drawn up by the justice himself, and the
warrant which he issued for the arrest of Goff. The justice
treated it as a criminal charge, and ordered Goff to find sure-
ties to answer at the sessions ; and if he afterwards aided the
escape by accepting insufficient bail, he ought not now to be
heard with much favor, when he seeks to shield himself by
alleging that his own acts in taking the complaint and issu-
ing the warrant were illegal and void. If they were not ut-
terly void, he cannot protect himself by this objection. It is
not necessary that the complaint or the warrant for the arrest
of offenders, should be drawn up in the technical forms re-
quired in indictments and informations. 1 *Chitty's Cr. Law,*
40, 41.

If Goff was in legal custody, it only remains to be consid-
ered whether the indictment sufficiently charges a crime up-
on the defendant, in permitting him to go at large. As the
defendant was found guilty upon the whole indictment, it will
be necessary to examine both counts ; for if either was suffi-
cient, judgment should have been rendered against him. In
England, where death is written on the front of all their
criminal jurisprudence, judges, in favor of life, have listened
to nice and technical objections in relation to the forms of in-
dictment, and have not unfrequently gone so far as to frus-
trate the ends of justice, and bring reproach on the adminis-
tration of the laws. In this state, where a milder system pre-
vails, there is no reason why we should follow in their track.
Indeed, it has been forbidden by law. 2 *R. S.* 728, § 52.
The 1st, 3d and 4th subdivision of this section are new, hav-
ing never been incorporated in our criminal code until the late
revision. *See Revisers' notes.* " No indictment shall be deem-
ed invalid, nor shall the trial, judgment or other proceedings
thereon be affected," by reason of several specified omissions,
or, " 4. by reason of any other defect or imperfection in *mat-*

*ters of form,* which shall not tend to the prejudice of the defendant." The statute does not extend to any matter of *substance,* nor does it cure such defects " in matters of *form*" as may " tend to the prejudice of the defendant." It must always be important to the accused that the indictment should contain a plain and certain description of the crime imputed to him, and of the facts and circumstances which constitute the offence ; and that these matters should be directly and positively alleged, without inconsistency or repugnancy. If so much as this be not required, the party may be prejudiced by the finding of a bill when there was no offence ; he cannot know with certainty what he is called upon to answer, and, in case of conviction or acquittal, may not be able to protect himself against further prosecution. Without such a description of the offence, it will not appear that the jury were warranted in their conclusion of " guilty" or " not guilty," upon the premises delivered to them ; and the court may be unable to apply the punishment which the law has prescribed for the particular transgression imputed to the defendant. 1 *Chit. Cr. L.* 169. *Cowp.* 682.

Goff was charged with a misdemeanor, and might be let to bail by the justice. 2 *R. S.* 709, 710, § 25, 29. The only offence of which the justice could have been guilty, was that of discharging Goff without taking sufficient sureties, or requiring bail in a sufficient sum to secure his personal appearance to answer any bill that might be found against him by the grand jury ; and even such an act would not be criminal, unless it were done from a corrupt motive and with intent to pervert the course of justice. Indictments for such offences, as appears by the precedents, charge among other things, that the defendant, intending to pervert the due course of law and justice, did, under color, &c. unlawfully, willfuly and corruptly procure the prisoner to be discharged, and to escape and go at large, without taking sufficient sureties for his appearance. *Hand's Cr. Prac.* 115. 2 *Chit. Cr. L.* 244. The first count of this indictment, after stating the arrest and examination of Goff, and the order that he should find sureties for his appearance in the sum of $500, charges that the de-

fendant, afterwards and on the same day," *fraudulently, corruptly, and in violation of his duty as such justice of the peace as aforesaid,*did direct and authorize the said Amariah W. Goff to be discharged from his arrest aforesaid," upon his finding sureties for his appearance, " *in a small and trifling sum of money, to wit, in the sum of fifty dollars ;*" and did then and there cause and procure Goff to be discharged from the arrest, and did then and there receive and take from Goff a recognizance, with sureties " *in the small and trifling sum of fifty dollars ;*" whereupon the prisoner escaped, &c. " Fraudulently," as used in this count, does not seem to be an appropriate word ; and the most that can be said of it is, that it will do no harm. The allegation that the act was done by the defendant " in violation of his duty," can amount to nothing by way of making out a criminal offence. The indictment must show how or in what particular manner the defendant violated his duty ; and without doing so, the general allegation can be of no avail. " Corruptly" is the only important word in that part of the count which goes to characterize the act ; and I doubt whether this was sufficient without an averment that the act was done *with intent to pervert* the due course of law and justice. But the count is clearly bad upon another ground. It does not state that Goff was discharged without taking sufficient sureties, or sureties in a sufficient sum for his appearance. The fact that the justice at first required bail in the sum of $500, and afterwards reduced the amount to $50, does *not necessarily prove* guilt. It is not unusual for the magistrate to modify the amount of bail which he may have required in the first instance, and accept of sureties in a smaller sum ; and although the change in this case was so great, and the sum ultimately required was so inadequate, as to furnish a very strong presumption of criminal misconduct on the part of the justice, still this was only *evidence,* more or less conclusive, to establish a particular *fact,* which should have been charged in the indictment. The fact that the justice did not take sufficient sureties is not *directly* and *positively* charged, and can only be made out by *argument* and *inference.* The words " small and trifling," as applied to the sum in which Goff was ultimately required to find sure-

ties, are not equivalent to the allegation that he was dis-
charged without finding *sufficient* sureties. The words seem
here to have been used by way of comparison or contrast
with the large sum of $500, in which sureties were at first
required, and as a part of the argument to prove the de-
fendant's guilt; and, at the most, this only amounts to *evi-
dence* of a fact, when the *fact itself* should have been alleged.

The second count is not subject to all the objections which
have been mentioned in relation to the first. After stating
the arrest and examination of Goff, and that he was required
to find sureties in the sum of $500, it charges that the de-
fendant, " fraudulently, in violation of his duty as a justice of
the peace, *and with a design corruptly, to aid and assist
Goff in escaping from a trial and conviction,* " did direct
and authorize Goff to be discharged from arrest, upon his
finding sureties " *in a small and trifling sum of money, to
wit, in the sum of fifty dollars;*" and then shows that he was
discharged accordingly. The averment that the act was done
" with a design corruptly to aid and assist" Goff " in escaping
from a trial and conviction," may be equivalent to the aver-
ment in the precedents, that the act was done corruptly, with
intent to pervert the due course of law and justice ; and I
think this allegation sufficient. But in other respects this
count is substantially like the first. It does not directly and
positively charge that Goff was discharged without taking
sufficient sureties, or sureties in a sufficient amount, for his
appearance.

I think the indictment was substantially defective, and
that the judgment of the court below should be affirmed.

Judgment affirmed.