By the Court. Welles J.
By § 15 of chapter 240 of the Laws of 1847 (Sess. L. of that year, p. 266), it is pro *105 vided that, “ No persons shall be permitted to vote at any election who, previous thereto, sháll have been convicted of bribery or any infamous crime, unless he shall have been pardoned and restored to all the rights of a citizen; or who shall make any bet or wager, or be directly or indirectly interested in any bet or wager depending on the result of any election at which such person may offer to vote.”
It is also provided by statute that “ Any person not duly qualified to vote under the laws of this State, who shall knowingly vote or offer to vote at any general or special, town or charter election in this State, shall be adjudged guilty of a misdemeanor, and on conviction shall be imprisoned for a period not exceeding six months, at the discretion of the court before which the offense is tried,” &c., &c. (1 N. Y. St. at Large, 147, § 13; 1 R. S., 5th Ed., p. 449, § 13.)
There are various other disabilities which will disqualify a person from voting at the elections; such, for example, as those which relate to his citizenship, age, the time in Which he has been an inhabitant of the State, county and election district, &c.
The rule in regard to the forms of indictments for crime is that the offense charged must be clearly and particularly set forth and stated, so that the individual charged may understand precisely what he is to meet and answer. The simple act of voting at an election is no crime; it is other facts connected with or attending that act which constitute its criminality. Those facts which give character to. the act, and which render it criminal, should be alleged in the indictment, otherwise the great object of pleading—that of informing a party what he is' called upon to answer'—• will be defeated. The indictment in the present case does, in general terms, negative the fact of the defendant's being a qualified voter; but what he had done or omitted, or what had happened to deprive him of the franchise, is not *106 stated or alluded to. Prima fade, every white man of the age of twenty-one years is entitled to vote, and when he offers a vote it must be received, unless some fact is shown or appears which disqualifies him; and when charged with voting without being legally qualified, the indictment should show the fact or facts which disqualify him. I am clearly of the opinion that the indictment was fatally defective in omitting to set forth the fact which disqualified the defendant from voting. The conviction should therefore be reversed; and as there can never be a legal conviction upon this indictment, there is no occasion for directing the proceedings remitted.
Conviction reversed.