## OYER AND TERMINER.

### THE PEOPLE agt. THE TOWN AUDITORS OF CASTLETON.

Where the *indictment* against the defendant charged him in eleven distinct counts with misconduct in having audited, and aided in auditing, certain town accounts against the town of Castleton, Richmond county, while the defendant was supervisor thereof:

*Held*, that although the accounts, which the defendant aided in auditing, were described in the indictment as "unjustly illegal," "pretended and extortionate," it nowhere, in any count, *averred the particular fact or facts* which would make the accounts "unjust, illegal, pretended or extortionate." Such an omission is fatal to the indictment,

An indictment taken at the sessions must, in the *caption*, state that the grand jurors were then and there sworn and charged—this caption should be affixed by the clerk in case it is *removed* from the sessions to the *oyer and terminer*—without such caption it will be held bad.

*Richmond County Oyer and Terminer.*

*Second Department, Second District, October Term,* 1872.

MOTION to quash indictment and order granting same.

This indictment was found by the grand jury at the court of sessions held in and for the county of Richmond, at the February term, 1872, and was afterwards removed to the oyer and terminer (3 *Rev. Stat.,* 5th ed., § 86 (sec. 76), *et seq., pp.* 1024, 1025):

The indictment was for alleged "official misconduct," and consisted of eleven distinct and separate counts.

Seven of the said counts are in form as follows:

"*County of Richmond,* ss. ;

"The jurors of the people of the state of New York in and for the body of the county of Richmond upon their oaths present, that heretofore, to wit., on the 20th day of November, in the year one thousand eight hundred and seventy-one, one          was the supervisor of the town of Castleton, in

the county of Richmond, and William W. Corbett, Matthew Tully, John Powers and Daniel Hegarty, were the justices of the peace of said town, and Patrick Kinny was the town clerk of said town, and by virtue of their said offices there and then constituted a Board of Town Auditors, for the purpose of auditing and allowing the accounts of all charges and claims payable by the said town, and then and there duly met at said town as such Board of Auditors for the purpose of auditing and allowing such accounts; that one Henrietta S. Winegar then and there presented to such board, to be then and there audited and allowed a certain unjust, illegal and extortionate charge and claim against said town of Castleton, for certain illegal and pretended matters therein stated, namely, for the renting and rent of an office to and for the town clerk of the said town of Castleton, amounting to the sum of fifty dollars.

And the jurors aforesaid, upon their oaths aforesaid, do further present, that the said          William W. Corbett, Matthew Tully, John Powers, Daniel Hegarty and Patrick Kinny, so being members of said Board of Town Auditors, and so being such officers as aforesaid, did then and there, to wit, on the day and year and at the town and county aforesaid, knowingly, wilfully and corruptly, audit and allow the aforesaid illegal and pretended charge and claim at the sum of forty-five dollars, they then and there well knowing the same to be illegal, unjust and extortionate, against the form of the statute in such case made and provided, contrary to their duty in their offices aforesaid, and against the peace of the people of the State of New York and their dignity."

And four of the said counts are in form and substance as follows;

"And the jurors aforesaid upon their oaths aforesaid, do further present, that on the twenty-eighth day of November, in the year eighteen hundred and seventy-one,          was the supervisor of the town of Castleton in said county,

and Matthew Tully, William W. Corbett, Daniel Hegarty and John Powers were the justices of the peace of said town, and Patrick Kinny was the town clerk of said town; and said officers, by virtue of said offices, constituted the Board of Town Auditors of the said town of Castleton; that, on said day, at said town, said officers were duly met and convened as such board of town auditors, and it there and then became and was the duty of said town auditors to audit and allow all just and legal claims and charges against said town which should be presented to them as such auditors, and as should be verified according to law; that in and by section fifty-one, of article five, of title four, of chapter eleven, of part one, of the Revised Statutes of the State of New York, it is provided as follows: No account shall be audited by any board of town auditors, or supervisors, or superintendents, of the poor, for any services or disbursements, unless such account shall be made out in items and accompanied with an affidavit attached thereto, and be filed with such account, made by the person presenting or claiming the same, that the items of such account are correct, and that the disbursements and services charged therein have been in fact made, or rendered, or necessary to be made or rendered, at that session of the board, and stating that no part thereof has been paid or satisfied; that it was the duty of said officers and of each of them to prevent the auditing and allowing of any bill or claim or account which was not made out in items and sworn to as above set forth; that in violation of their duty as aforesaid, the said officers so composing the board of town auditors aforesaid, and being so met and convened as aforesaid, for the purpose aforsaid, on the day and at the place last aforesaid, did knowingly, willfully and corruptly, and in violation of their duty as such officers, audit and allow a certain pretended claim or account, there and then presented to them by one　　　against said town, amounting to the sum of one hundred and one dollars and fifty-six cents, for pretended

services of him, the said        as supervisor of said town; that said bill, claim or account was not, at the time it was so presented to said board of town auditors, nor was it ever, made out in items, nor was it accompanied with an affidavit attached to or filed with said claim or account that the items of said account were correct, and that the disbursements and services charged therein had been in fact made or rendered, or necessary to be made or rendered, at. that session of the board, and stating that no part thereof had been paid or satisfied, nor was any affidavit whatever attached to or filed with said claim or account; all which said officers then and there well knew.   And the jurors aforesaid do present, that on the day and at the place last aforesaid, in manner and form aforesaid, the said        Matthew Tully, William W. Corbett, John Powers, Daniel Hegarty, and Patrick Kinny, so composing said board of auditors, and so met as such as aforesaid, did then and there knowingly, wilfully and corruptly audit and allow the said bill or account, and in so doing did knowingly, wilfully and corruptly neglect their duty in their offices aforesaid, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

One of the defendants, by permission of the court, at the October term, 1872, of the Oyer and Terminer, withdrew his plea of " not guilty," and moved to quash the indictment, and upon the following grounds:

And now said        comes and moves that the indictments against him be quashed.

I. Because the said indictment and the counts thereof, do not allege and set forth fully and sufficiently the authority whereon the alleged proceedings were based, or facts sufficient to show that the alleged proceedings were had by any person or person duly authorized, and their authority, and jurisdiction, and that the same were within their jurisdiction (*Edge* agt. *The Com.*, 17 *Barr*, *Pa.* 275; *Com.* agt. *Ruff*, 9

*Watts, Pa.* 114; *Caldecott, K. B.,* 183; 1 *Wharton* § 285, *n. j.; State* agt. *Copp,* 15 *N. H.,* 212; *State* agt. *Hoit,* 3 *Foster,* 335).

II. Because said indictment and the counts thereof do not set forth and allege fully and specifically the acts charged to be the "final and complete auditing and allowing" of the several accounts therein mentioned (*People* agt. *Stocking,* 50 *Barb.,* 573).

III. Because the matters and things alleged in the first, second, third, fourth, fifth, eighth, tenth and eleventh counts of the indictment do not constitute any crime under the common law, nor under the statutes of New York. (*a*) The duty was judicial.    (*b*) It involved the determination whether the claim presented was chargeable to the town, &c. (*c*) A judicial officer is not indictable unless he acts from bad motives corruptly—the offense is in the "corruption" and that must be averred (*People* agt. *Norton,* 7 *Barb.,* 477).

IV. Because the matters and things alleged in the first, second, third, fourth, fifth, eighth, tenth and eleventh counts in the indictment are insufficient and bad upon their face respectively as being charged and stated indefinitely (*People* agt. *Coon,* 15 *Wend.,* 277; *People* agt. *Wilber,* 4 *Park., Cr.* 24; *Sherman* agt. *Bd. of Supervisors,* 30 *How.,* 173; *People* agt. *Stone,* 9 *Wend.,* 191; *People* agt. *Supervisors Queens. County,* 1 *Hill,* 195; *People* agt. *Williams,* 4 *Hill,* 9; *People* agt. *Thomas,* 3 *Hill,* 169).

The use of the words "*knowingly, wilfully* and *corruptly*" in these counts does not make the acts so charged indictable (1 *Wharton,* § 402, *n. f.*).

V. Because the second count of the indictment is void for duplicity.

VI. Because the sixth, seventh, eighth and ninth counts in said indictment are void for uncertainty, indefiniteness and insufficiency; it not appearing by any reference in said counts what, if any, statute was violated as therein charged (*Arch-*

*bold,* vol. 1, 285, 286, *n.; Wharton,* vol. 1, § 364, *n. f.; Wharton,* vol. 1, § 639, *n. p. & g.; Wharton,* vol. § 379, *n. m.* (a) The said counts are not within the statute as quoted in the indictment. Laws of 1845, ch. 180, "act to reduce the number of town officers, and town, and county expenses, and to prevent abuses in auditing town and county accounts," amended by laws of 1847, ch. 490.

VII. Because there is no "caption" to the indictment when it is brought into this court.

> JAMES EMOTT, WILLIAM H. ANTHON, and EDWARD B. MERRILL, *for defendant.*
> SIDNEY F. RAWSON, *district attorney, for the people.*

TAPPEN, *J.*—The defendant moves to quash the indictment upon the ground of insufficient allegations. The indictment contains a number of counts, charging the defendant with official misconduct, in having audited and aided in auditing certain town accounts against the town of Castleton while the defendant was the supervisor thereof. The insufficiency alleged against the indictment is chiefly that it fails to aver wherein such accounts were unlawful.

There are eleven distinct counts as follows:

1. For auditing a bill of $50 for rent of town clerks office.

2. For auditing a similar bill of $131 50, and for filing papers and other services by town clerk.

3. For auditing a bill of $70 to clerk of highway commissioners.

4. For auditing a bill of $50 to clerk of bridge commissioners on Dougan bridge.

5. For auditing a bill of $77 to a deputized constable.

6. For auditing a bill of $101 to the defendant without items or oath.

7. For auditing O'Brien's claim of $80 without items or oath.

8. For auditing bill of New Brighton village of $50 without items or oath.

9. For auditing Mc Carthy's bill of $15 without items or oath.

10. For auditing bill of clerk to highway commissioners for $70.

11. For auditing bill of Dempsey for repairing two bridges.

In the *People* agt. *Stocking,* (one of the supervisors of Erie) the indictment contained averments that the defendant obtained articles for his own use and, well knowing the account was not a lawful charge against the county, voted to allow the same, and that it was allowed and paid (50 *Barb.,* 575).

Here all the ingredients of an offense are well averred.

Undoubtedly the offense alleged against the defendant in the case at bar would amount to a misdemeanor if proper and sufficient words were used to that end. And the facts constituting an offense must be stated with as much certainty as the nature of the case will admit (*The People* agt. *Dord,* 9 *Barb.,* 671).

The accounts which the defendant aided in auditing are described in the indictment as "unjust, illegal" or as "pretended and extortionate," but no where does the indictment in any count aver the particular fact which would make the account "unjust, illegal, pretended or extortionate," and it may very well be that some of the accounts or some portions of the different claims so audited, might not be either illegal or unjust—and it would relieve the indictment of all doubt as to its sufficiency if the particular fact or facts were averred which would put the defendant upon his defense at the trial by a timely and proper apprisal in the indictment of the specific character of the particular act or offense which he is called to defend and to justify (*The People* agt. *Gates,* 13 *Wend.,* 317).

So held in the *People* agt. *Standish,* (6 *Park, Crim. R.,* 111) on an indictment for illegal voting.

The indictment in that case averred that the defendant not being a qualified voter did " wilfully, knowingly and corruptly " vote, &c.

And, these words of description do not suffice to uphold an indictment without sufficient averments of fact. The language of the court (WELLS, *J.*) in this case is, that the facts which give character to the act and render it criminal should be alleged, otherwise the great object of a pleading that of informing a party what he is called upon to answer, will be defeated.

The defendant, on the motion to quash, further objects that the indictment is without proper caption. On a reference to the authorities, it will be seen that it has been held that an indictment taken at the sessions must, in the caption, state that the grand jurors were then and there sworn and charged—the captions should be affixed by the clerk in case it is removed from the sessions to the Oyer and Terminer and in such case and without such captions it has been held bad (*The People* agt. *Guernsey*, 3 *Johns. Cases*, 265; 3 *Wend.*, 314).

The practice involved in this objection will be found very fully discussed and criticised in *The People* agt. *John Bell* (*Addison Reports, Penn.*, 176–180). The objection ought not to be a good one after a trial on the merits, but where it is made in due form before trial it is to receive the consideration sanctioned by the courts in that respect. In 1 *Whar. Crim. Law*, § 402, it is said the use of the words "knowingly, wilfully and corruptly " do not make the acts so charged indictable. The following authorities are relied upon by the defendant as sustaining the motion to quash; *People* agt. *Norton*, (7 *Barb.*, 477), illegally granting license; *People* agt. *Coon*, (15 *Wend.*, 277); *People* agt. *Brook*, (1 *Denio* 457,) Justice refusing to take affit.; *People* agt. *Williams*, (4 *Hill.*, 9), false pretenses; *People* agt. *Stone*, (9 *Wend.*, 191); *People* agt. *Thomas*, (3 *Hill.*, 169).

The authorities quoted sustain the views here enunciated and hold the objection to be well taken and the decisions indicate it to be the duty of the court. Where motion is made to quash before trial in due time to grant it. Order, that the indictment against the defendant be quashed.

METCALFE, *Co. J.* I concur in the above.