STATE v. EDWARD P. POWERS.

The Registrar of voters, provided for in the Private Act, ratified 21st December, 1870, relating to the registration of voters in the municipal elections of the town of Fayetteville, is a judge, to determine, decide and adjudge who is entitled to register up to the day of election; and in the exercise of his judgment or discretion, in a matter pertaining to his office, he is not liable *criminally* for any error he may commit.

Any officer, judicial or ministerial, who acts corruptly, is responsible both civilly and criminally, whether he acts under the law or without the law.

INDICTMEMT, for a *Misdemeanor*, tried at Spring Term, 1876, of CUMBERLAND Superior Court, before his Honor, Judge BUXTON, and a jury.

Upon the trial in the Court below, the jury returned the following *special verdict*, to-wit:

1. They find that the defendant was, on the said 24th day of April, 1876, appointed, qualified and acting as Registrar of Voters for a municipal election, to be held in the town of Fayetteville, on the 1st Monday in May, 1876, for a Mayor and seven Commissioners.

2. That on said 24th day of April, 1876, the prosecutor made application to the defendant to be registered as a voter

at said election; and said application was refused, for the reason that although otherwise qualified, he, the prosecutor, had not paid to the Mayor and Commissioners of said town of Fayetteville the taxes which had been charged against him.

3. That said taxes, which had been legally and duly charged against him, the said prosecutor, had not been paid.

4. That said refusal by the defendant to register the prosecutor as a voter for said election, was simply because the charter of said town, under which the defendant was acting, required the payment of all taxes due to said town, as a qualification for voters; and that the qualification, as laid down in chap. 5 of the Private Laws, passed by the General Assembly of 1870-'71, and ratified Dec'r 21st, 1870, were required of all applicants for registration; and there was no malicious or improper motive on the part of the defendant to prevent the prosecutor from voting at said election.

5. That the said defendant, under the election law of the town of Fayetteville, was required, and actually did take an oath, to perform the duties of his said office or appointment of register of voters aforesaid.

That there was an Act changing the time of said election from the 1st Monday of January to the 1st Monday in May, in each and every year.

Whether upon the foregoing state of facts, the defendant is guilty, the jury are unable to say, and refer it to the Court. If the Court shall be of opinion, as matter of law, upon the foregoing facts, that the defendant is guilty, then the verdict of the jury is, that the defendant is guilty. But if the Court shall be of opinion that the defendant is not guilty, then the verdict of the jury is, that the defendant is not guilty.

Upon the special verdict, his Honor being of opinion that upon the facts found the defendant was not guilty, directed

a verdict of not guilty to be entered. From this judgment, the Solicitor appealed.

*Attorney General Hargrove,* with whom were *Gutherie* and *Battle & Son,* for the State.

*N. W. Ray,* for the defendant.

READE, J. Any officer in the State who is required, in entering upon his office, to take an oath of office, who shall wilfully omit, neglect or refuse to discharge any of the duties of his office, shall be deemed guilty of a misdemeanor. Bat. Rev., chap. 32, sec. 107.

It may be that "officer in the State" may mean State officers, as distinguished from town officers, or other officers; but it is not necessary to decide it in this case; because, taking the defendant to be within the statute, still we think he is not guilty.

The Act of 21st December, 1870, under which the defendant was acting as Registrar, provides: "That the right of any person to register shall be subject to challenge, and that the Registrar shall determine whether the person challenged is a duly qualified voter, at any time prior to the day of election; and that all challenges made on the day of election shall be determined by the Judges of the Election." Now this makes the defendant Registrar a *Judge.* He is to "determine," decide, adjudge who is entitled to register up to the day of election, and then, on that day, the "Judges of the Election" pass upon the challenges. He was just as much a judge to pass upon challenges before the day of election, as the Judges of Election were upon that day.

Indeed, he was just as much a Judge, as to the matter he had in hand, as the members of this Court are Judges in the matters before us.

Now, it is so well settled that there is nothing to the contrary, that an officer who has to exercise his judgment, or

discretion, is not liable, *criminally*, for any error which he commits, provided he acts honestly.

The statute, under which the defendant was acting, forbids him to register any one who has not paid his taxes. It is, therefore, only by declaring that statute unconstitutional that he can be declared to have erred at all; but it is not usual, and can scarcely be safe for inferior officers to declare solemn acts of the Legislature unconstitutional, until the higher courts have so declared them. Certainly nothing is to be inferred against such officer for assuming that a statute is valid. And, in our case, the jury finds that the defendant acted from "no malicious or improper motive."

It may be that a *ministerial* officer must often act at his peril and be responsible, at least, although he act under a statute, if it be void. And any officer, judicial or ministerial, who acts corruptly, is responsible, both civilly and criminally, whether he acts under the law, or without law.

Here the defendant was a judicial officer, and honestly determined the law, as he understood it, and indeed as it was plainly written; and, therefore, although he committed an error, he is not criminally liable.

No error. Let this be certified.

, PER CURIAM.                                        Judgment affirmed.