## STATE v. JAMES HEATON.

*Jurors—Indictment--Public Officer--Failure to Perform Duty--Private*
*Statute.*

1. A juror is not disqualified for failure to pay his taxes for the preceding year, when the Sheriff had been enjoined from collecting the same.

2. The law presumes every act in itself unlawful to have been criminally intended until the contrary appears; *Therefore,* where a public officer is indicted for failure to perform a duty required by law, the law raises a presumption that such failure is *wilful,* and makes it incumbent upon him to rebut the presumption.

3. Upon an indictment under a private statute, it is sufficient if the same is set forth by chapter and date and its material provisions incorporated in the indictment.

(*State* v. *Powers,* 75 N. C. 281; *London* v. *Headen,* 76 N. C. 72, cited and approved.)

INDICTMENT for Misdemeanor, tried at April Term, 1877, of the Criminal Court of NEW HANOVER, before *Meares, J.*

The defendant was Clerk of the Superior Court of said County, and as such had received the sum of $25 tax on an Inspector's License issued by virtue of Private Laws 1870-'71, ch. 6, and was indicted for a failure to pay the same into the treasury of the City of Wilmington.

The case is fully discussed by Mr. Justice BYNUM in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General* and *Mr. D. L. Russell,* for the State.

*Messrs. A. T. & J. London,* for defendant, cited *State* v. *Griffice,* 74 N. C. 316; *State* v. *Haywood,* 73 N. C. 437; *State* v. *Seaborn,* 4 Dev. 305; *State* v. *Hanks,* 66 N. C. 612; *State* v. *Ellen,* 68 N. C. 281; *Miller* v. *The People,* 5 Barb. 203; 1 Bennett & Heard, L. C. C. 11.

BYNUM, J.   1. The Revised Code, ch. 31, § 33, provides that "the Judges of the Superior Courts, at the terms of their Courts shall direct the names of all the persons returned as jurors to be written on scrolls of paper and put into a box or hat, and drawn out by a child under ten years of age; whereof the first eighteen drawn shall be a grand jury for the Court." In this case the grand jury was so drawn, and then sworn, empanelled and charged.

Afterwards during the same term and before this indictment was found, it having been made to appear to the Court that some of the grand jury so chosen were disqualified, they, to the number of six, were discharged. The bill of indictment was acted upon and found by the remaining twelve, who composed the grand jury.

Upon the arraignment of the defendant he filed a plea in abatement, alleging that George N. Harris, one of the twelve grand jurors who found the indictment, was disqualified because he had not paid tax for the preceding year as required by C. C. P. § 229.

Upon this plea an issue was made by the State, upon the trial of which, it appeared in evidence, that the juror had paid a part of the said tax, and that the Sheriff was enjoined by an action from collecting the residue of the tax for that year, of this juror and other citizens of the County; and that the injunction was not vacated until after the time for collecting the tax of that year had expired; and that in fact the residue of the tax had not been paid at the time of the trial. Upon this state of facts the Court held that Harris was a competent juror. We concur in that opinion.

It does not appear at whose instance the injunction was obtained, but suppose it had extended to all the tax-payers, and that in consequence none had paid the tax of the preceding year. Could it be held that this failure operated as a suspension of the criminal law of the State? The Statute

must, if possible, receive a reasonable construction not inconsistent with the public welfare.

The failure to pay the tax was not the juror's voluntary act, but was caused by the act of the Court in suspending its collection. It no where appears but that the juror was able, ready and willing to pay the tax, and in fact he had paid all that the law, as then administered, required him to pay.

2. The defendant is indicted under ch. 6, of the Private Laws of 1870–'71, for the failure to pay into the treasury of the City of Wilmington, within thirty days after receiving the same, a certain license tax as prescribed in the Act.

The offence is made indictable by ch. 32, § 107, Bat. Rev., which enacts, that if any Clerk of the Superior Court shall wilfully omit, neglect or refuse to discharge any of the duties of his office," &c., he shall be deemed guilty of a misdemeanor. The failure to pay over the tax within the prescribed time was not disputed, but the defendant insisted and so asked the Court to instruct the jury, that the neglect to pay over, to be indictable, must be *wilful;* and that no presumption of wilfulness arises from the single fact of non-payment, and that there is a distinction in this respect between acts of omission and commission ; in that, a corrupt intent is imputed by the law to a positive or affirmative act, but not to a negative or omissive one.

His Honor refused the instructions asked for and charged the jury, that the neglect or omission to pay the money into the treasury within the time prescribed by law being established, the law raised the presumption that the act was wilful, and it was incumbent on the defendant to offer evidence to rebut the presumption. There is no error in the instructions given.

The text-writers upon the law of evidence divide presumptive evidence into two classes—namely, *Conclusive* and

*Disputable* Presumptions. We have now to deal only with the latter.

As men do not generally violate the criminal code, the law presumes every man innocent, and this presumption of innocence is to be observed by the jury in every case. But some men do violate the law, and as they "seldom do unlawful acts with innocent intentions, the law therefore presumes every act in itself unlawful, to have been criminally intended until the contrary appears." 1 Greenl. Ev. § 34. A familiar example is on the trial of a case of homicide :— Malice is presumed from the fact of killing, and the burden of disproving the malice is thrown upon the accused. The same principle pervades the law in civil as well as criminal actions. Indeed if this were not so, the administration of the criminal law would be practically defeated, as there is in most cases no other way of ascertaining the intent than by establishing the unlawfulness of the act. Nor in many cases, including this, is the intent in a moral sense as importing corruption of the mind, or fraud, the test of criminality.

A refusal to accept a public office to which one has been duly elected is indictable, and the presumption of guilt can be repelled only by showing a lawful excuse for the refusal. The same reasons which impose the duty of accepting a public office require him who has accepted, faithfully to discharge all official trusts. Any act or *omission* in disobedience of this duty in a matter of public concern, is, as a general principle punishable as a crime. Particularly is this so, where the thing required is of a ministerial or other like nature, and there is reposed in the officer no discretion." 1 Bish. Cr. Law, § § 912, 913, and cases cited. *State* v. *Powers*, 75 N. C. 281; *London* v. *Headen*, 76 N. C. 72.

And this is the distinction drawn in the books between a ministerial act (which is our case) and an act done in a judicial capacity, where the officer is called upon to exercise a

judgment of his own. In the latter case the act to be criminal must be wilful and corrupt. 1 Bish. Cr. Law, § 913; *People* v. *Coon,* 15 Wend. 277.

3. A motion is made in this Court in arrest of judgment, upon the ground that the statute upon which the indictment was instituted, is a private statute and is not sufficiently set forth in the indictment. This objection was not raised on the trial in the Court below, and is raised here for the first time. If there was any force in the objection, it is cured by our statute. Bat. Rev. ch 33, § 60. The charge is expressed in a plain and intelligible manner, and sufficient matter appears in the bill to enable the Court to proceed to judgment. Whether the statute is a public or private act is not material in this case, for assuming it to be a private act, it is set forth in the bill by chapter and date, and its material provisions prescribing the duty of the Clerk are incorporated in the indictment. The defendant could not possibly have been misled as to the offence charged, or as to the defence he was called upon to make.

There is no error.

PER CURIAM. Judgment affirmed.