WASHINGTON SPECIAL TERM, December, 1849. *Willard*, J.

THE PEOPLE *vs.* NORTON and others.

7b    477
66 AD¹538

An indictment will lie against commissioners of excise for wilfully and corruptly granting a license to a person to sell spirituous liquors, as an innkeeper, knowing that he is not a man of good moral character, nor a person of sufficient ability to keep a tavern ; that he has not the necessary accommodations to entertain travellers ; and that a tavern is not absolutely necessary at the place where he proposes to keep a tavern.

Justices, in granting or refusing licenses under the excise law, do not act solely as judicial officers. They have indeed a discretion to exercise, which the supreme court will not control by mandamus. But their duties are so plainly defined, that if they wilfully disregard them they are liable to an indictment.

DEMURRER to indictment. The indictment was found at the August oyer and terminer for Washington county, in 1849. It contained three counts not essentially differing from each other. It charged in substance that the defendants, being the commissioners of excise for the town of Fort Edward, for the year 1849, met at said town on the first Monday of May, 1849, as such, and thereupon *knowingly, designedly, unlawfully and corruptly* did grant a license to one William B. Hitchcock as an innkeeper of said town to sell strong and spirituous liquors and

The People *v*. Norton.

wines to be drank in his said house, in the following form: the indictment then set out the license, which was in the usual form of a tavern license, under the statute. It then averred that Hitchcock was not at that time a man of good moral character, nor a person of sufficient ability to keep a tavern; that he had not the necessary accommodations to entertain travellers, and that a tavern was not absolutely necessary at the place where Hitchcock proposed to keep a tavern; all which the defendants then and there well knew. It was also alledged that the defendants, when they granted the license, were not satisfied that Hitchcock possessed the qualifications expressed in the license, or that an inn or tavern was absolutely necessary at that place. The other two counts were substantially the same. The defendants demurred to the indictment, and the district attorney joined in the demurrer.

*C. L. Allen*, for the defendants.

*H. B. Northup*, (district attorney,) for the people.

WILLARD, J. The act relative to excise, and the regulation of taverns and groceries (1 *R. S.* 677, 8, § 4) authorizes the commissioners of excise to grant licenses to keepers of inns and taverns being residents of their town, to sell strong and spirituous liquors and wines to be drank in their houses respectively; and section 6 forbids the granting of such license unless such person proposes to keep an inn or tavern, and unless the commissioners are satisfied that the applicant is of good moral character; that he is of sufficient ability to keep a tavern; and has the necessary accommodations to entertain travellers; and that a tavern is absolutely necessary for the actual accommodation of travellers at the place where such applicant resides or proposes to keep the same; all which it is required should be expressed in such license. The indictment charges that the applicant for a license was not a man of good moral character, nor of sufficient ability to keep a tavern; that he had not the necessary accommodations for that purpose, and that a tavern was not necessary for

---

The People *v.* Norton.

---

the actual accommodation of travellers, at that place; all which the commissioners well knew; and that they granted the license certifying to the existence of the requisite facts, without being satisfied of their truth, and in short, knowing to the contrary. It charges also, that this was knowingly, unlawfully, designedly and corruptly done.

The demurrer raises the question whether an indictment will lie in such case.

In *Ex parte Pierson,* (1 *Hill,* 655,) an application for a mandamus to the commissioners of excise of Westport, in Essex county, to compel them to enter a resolution to grant a license for keeping a tavern in that town to the relator, was denied by this court. Mr. Justice Cowen, who delivered the opinion of the court, remarked that whether a board of excise will grant a tavern license, is an open question, until a resolution is entered in their minutes pursuant to the third section of the act. (1 *R. S.* 678.) Until that stage of the proceeding, he thought the court could not interfere by a mandamus. "The sixth section," he continues, "very properly confers upon them a large discretion, the exercise of which, either in granting or refusing a license, can not be coerced in any way." This case does not touch the question, whether a wilful abuse of that discretion is or is not punishable by indictment.

It is a general principle that when the common law or a statute forbids the doing of a thing, the doing of it wilfully is indictable, though without any corrupt motive. (1 *Chit. Cr. L.* 239. 2 *Hawk. Cr. Pl.* 171. *Rex* v. *Sainsbury,* 4 *T. R.* 457. *Same* v. *Robinson,* 2 *Burr.* 799. *Same* v. *Wigg,* 2 *Salk.* 460. *Same* v. *Carlisle,* 3 *B. & A.* 161.)

In the present case the statute forbids the granting of a tavern license, except under certain circumstances and to persons of particular qualifications, and it makes the commissioners of excise judges of these circumstances and of the qualifications of the applicant. For a mere error in judgment, while acting with an honest desire to discharge their duty, they would be in little or no danger of conviction by a petit jury. But the rule that a judge is not indictable for an error in judgment extended at

common law only to judges in courts of record, and not to ministerial officers. This was so held in *Rex* v. *Loggen*, (1 *Str.* 74,) and *Ashby* v. *White*, (*Salk*. 19.) It was for this reason that the constitution of the United States and of this state provided for the impeachment of judicial officers, leaving them liable after being removed from office, to indictment and punishment according to law. (*Art*. 1, § 3, *Const. U. S. Art*. 6, § 1, *Const. of* 1846. *Const. of* 1777, § 23. *Const. of* 1821, *art*. 5, § 2.) The whole subject of judicial responsibility was exhausted in the case of *Yates* v. *Lansing*, (5 *John*. 282,) by Kent, Ch. J. and in the same case in error, (9 *John*. 395.) Although that was a civil suit, and the principal point ruled was, that a judge of a court of record is not liable to answer personally, in a civil suit, for any act done by him in his judicial capacity, nor for errors of judgment; yet the whole doctrine was fully examined and discussed. If not liable to a civil action at the suit of a party aggrieved, much less would he be liable to an indictment, until after a conviction and punishment by impeachment.

The constitution throws no such obstacles in the way of an indictment of commissioners of excise. They are not liable to impeachment. There is no provision for removing from office the supervisor, who usually presides in the board of excise. Justices of the peace may indeed be removed after due notice, and an opportunity of being heard in their defence, and the same is the case also with respect to other judicial officers. (*See Const. of* 1846, *art*. 6.) But the common law has not clothed them with the same immunities as it has courts of record, except in those cases where they act purely in a judicial capacity. As they can not be impeached for corruption, they may be indicted. In England the proceeding against them is either by information in the king's bench, or by indictment; and Lord Tenterden, in *The King* v. *Borron*, (3 *B. & A*. 432,) observes, that whenever their conduct is sought to be questioned either by information or indictment, the question has always been, not whether the act done might, upon full and mature investigation, be found strictly right, but from what motive it had proceeded; whether from a dishonest, oppressive or corrupt motive, under

The People v. Norton.

which description fear and favor may generally be included, or from mistake or error. In the former case alone, they have become the objects of punishment. (*See* 12 *John.* 356.)

Justices, in granting or refusing licenses under the excise law, do not act solely as judicial officers. They have indeed a discretion to exercise, which this court will not control by mandamus. But their duties are so plainly defined that if they disregard them they are liable to an indictment.

The duty of commissioners of excise in this state is extremely similar to that of justices of the peace in England, in granting or refusing licenses to sell ale. The conduct of justices, in that respect, has frequently been the subject of investigation; and it seems to be clear, says Mr. Russell, that though upon this matter they have a discretionary jurisdiction given them by law, and though discretion means the exercising the best of their judgment upon the occasion that calls for it, yet if this discretion be wilfully abused, it is criminal, and under the control of the court of king's bench. That court will therefore grant an information against justices who refuse, from corrupt and improper motives, to grant such licenses; and an information will be granted against them, as well for granting a license improperly, as for refusing one in the same manner. (1 *Russ. on Cr.* 136. *Rex* v. *Young et al.* 1 *Burr.* 556, 560. *Same* v. *Williams and Davis*, 3 *Id.* 1317. *Rex* v. *Holland and Foster*, 1 *T. R.* 692. *Same* v. *Sainsbury et al.* 4 *Id.* 451.)

By demurring, the defendants concede that they granted the license in question to a person whom they knew was not a man of good moral character, nor a man of sufficient ability to keep a tavern; that he had not the necessary accommodations, and that a tavern was not necessary at the place where he proposed to keep it. This was a clear violation of duty, for which they were liable to be indicted.

I think there should be judgment for the people on *the de-murrer*, with leave for the defendants to withdraw the demurrer and plead to the indictment.

Judgment accordingly.