PEOPLE *ex rel.* BELLER v. WRIGHT.

*Excise — revocation of license — powers of commissioners as to.*

A board of excise may, under the statutes, when they become satisfied that one holding a license granted by them has violated any of the provisions of the excise law, revoke the license. The holder of a license has only a permit and not a property or vested right to enjoy the license beyond the time when the board are so satisfied ; and in the examination of complaints for violating the law by one holding a license, they are not required to take the formal proceedings required to reach a judicial decision affecting property, etc.

CERTIORARI upon the relation of James E. Beller against James H. Wright and others, constituting the board of commissioners of excise of the village of Delhi, Delaware county, to bring up proceedings had in May, 1874, to cancel, vacate and annul the license of the relator, taken by him on the 28th of October, 1873, authorizing him to sell ale or beer in pursuance of the 4th section of the act of 1869 (Laws of 1869 chap. 856).

The relator received a license authorizing him to sell ale or beer, after the passage of chapter 549 of the Laws of 1873, amending chapter 628 of the Laws of 1857. It appeared by the return, that on the 4th of May, 1874, a complaint, signed by four residents of the said village, was presented to the board of commissioners of excise, and filed. The board immediately issued a summons requiring Beller to show cause why his license should not be revoked,

canceled and annulled in accordance with section 8 of chapter 549 of the Laws of 1873.

The summons being personally served on Beller, he, on the same day, appeared before the board and objected to the complaint on the ground that it was indefinite and uncertain, that it "did not point out or specify with accuracy and certainty as to date and manner of violation of the license to enable the party complained of to properly and safely answer the complaint." The objection, after hearing counsel, was overruled by the board.

The relator excepted, and then denied the complaint, and set up his license issued by the board authorizing him to sell ale or beer, and that he was protected by the license. The license was then presented to the board by the relator; it was examined and read. By consent of parties, the further hearing was adjourned to May 18th.

Upon the adjourned hearing, after several objections to the right of the board to proceed were heard, and overruled, Alexander Shaw was examined for complainants, and Beller objected to the board administering oaths to complainant's witnesses. The objection was overruled, and the chairman administered oaths to all the witnesses.

Several witnesses were examined and they stated that the relator had sold strong and spirituous liquors at his place of business on divers days, between the date of the license and the day of the complaint.

The relator did not, upon such inquiry, give any evidence, or deny the evidence and statements made by the witnesses inquired of by the complainants before said board. The board forthwith determined to revoke, cancel and annul said license. After the close of the arguments of the respective counsel of the board, and the relator, the board adjourned to the 19th of May, and then re-assembled and made an order and served the same personally upon the relator, and demanded his said license, which he refused to surrender.

*Youmans & Niles*, for relator.

*Samuel Yeoman*, for defendants.

HARDIN, J. The relator was not entitled to a trial by jury. The statute under which he received his license expressly author-

izes and empowers the board of excise when "they shall become satisfied that any such person or persons has or have violated any of the provisions of the act, to revoke, cancel and annul the license of such persons." The license was merely a permit given to the relator, under which he was authorized to sell ale and beer. It did not give him any property, or vested right to enjoy the privilege thereof beyond the time when the board should become satisfied that he had violated any of the provisions of the acts of 1857, 1869, 1870, or 1873. The board had no power to inflict a penalty upon him for violation of the law. They were simply authorized to revoke the permit theretofore given him in respect to ale or beer. Laws of 1873, chap. 549, § 4. *Wynehamer* v. *People*, 13 N. Y. 378; *Met. Board of Excise* v. *Barrie*, 34 id. 667.

In the last-mentioned case Judge WRIGHT says: "These licenses to sell liquor are not contracts between the State and the person licensed, giving the latter vested rights protected on general principles and by the constitution of the United States against subsequent legislation, nor are they property in any legal or constitutional sense. * * * They form a portion of the internal police system of the State."

The board in issuing licenses, and in revoking them are clothed with powers to be exercised in their discretion.

In *Ex parte Persons*, 1 Hill, 655, it was held that their discretion was full and ample, "and one the court will in no case attempt to control."

In *People* v. *Norton*, 7 Barb. 477, WILLARD, J., says: "Justices in granting or refusing licenses under the excise law do not act solely as judicial officers, they have indeed a discretion to exercise which this court will not control by mandamus."

In *People* v. *Jones*, 54 Barb. 315, ALLEN, J., says: "The commissioners cannot be coerced in the exercise of their discretion by mandamus or otherwise, and for a mere mistake are not liable either civilly or criminally."

The relator objected to the power of the board to administer oaths to the witnesses produced; the objection was overruled, and the relator excepted. But he did not himself ask to have any witness examined either with or without oaths in his behalf. The statements made by the complainant, and by the witnesses produced before the board, were to the effect that the relator had violated the provisions of the law under which the license was

issued, and the board upon that became satisfied that the relator had violated the provisions of the act, and therefore revoked their license to him. If it be conceded that the board had no power to administer oaths, still this information was before them, and satisfied them that the relator had violated the law, and it, therefore, became their duty to revoke his license. The counsel for the relator referred us to *Buren* v. *Westervelt*, 12 Wend. 195, where proceedings in replevin were set aside because the coroner had no power to take an affidavit. There the statute forbade the issuing of a writ without an affidavit, and Justice SUTHERLAND very properly remarked, "the compliance with the statute is in the nature of a condition precedent." The statute now under consideration simply permits "upon an inquiry the said board, or the party complained of," to summon witnesses and have them examined under oath ; confessedly it was competent for the relator to waive as he did his right to have witnesses examined, as it is well settled that a party may waive a statutory provision made for his benefit. The board being satisfied to exercise their discretion in respect to revoking licenses, that a violation of the law had taken place, were not required to take the formal proceedings and full evidence, which might be proper and necessary to reach a judicial conclusion, which should work a deprivation of property, or produce an interference with life or liberty.

They were simply to become satisfied in their judgments, and then their right as well as duty to revoke the *permit* which had been given the relator was clear. They were simply recalling the permit which the relator had obtained and held from the board, and which he accepted upon the condition that the board might in their discretion revoke, as before seen by the authorities cited. The giving of such a license depended upon the discretion of the board; so too the revocation was authorized the moment they became satisfied that the relator had been a violator of the law under which he took the permit. We also think the power to administer oaths may be fairly implied from the section authorizing them to examine witnesses under oath.

The proceedings must be affirmed, with costs.

*Ordered accordingly.*