PEOPLE v. WORSLEY et al.

(Supreme Court, General Term, Second Department. June 25, 1888.)

CRIMINAL LAW—ILLEGAL GRANTING OF LICENSE BY EXCISE COMMISSIONERS—SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTION.

On an indictment of excise commissioners for misdemeanor in granting a license to sell liquor to be drunk on the licensee's premises, knowing that he was not able to keep an inn, and had not the necessary accommodations for travelers, in violation of the excise law, where it appears that the licensee had not such accommodations for travelers, and there is evidence from which the jury might find that defendants had entirely failed in their official duty to ascertain the licensee's disability and want of accommodation before issuing the license, the evidence is sufficient to sustain a conviction.

Appeal from court of oyer and terminer, Dutchess county.

DYKMAN, J. This is an appeal from a judgment of conviction upon an indictment for a misdemeanor. The defendants were excise commissioners of the town of Wappinger, in Dutchess county, and they were indicted by the grand jury of that county for granting a license to one Colter, of their town, to sell strong and spirituous liquors to be drank on his premises, when they well knew he had not sufficient ability to keep an inn, tavern, or hotel, nor the necessary accommodations to entertain travelers, in violation of the statute commonly called the "Excise Law." Upon the trial of the indictment at the oyer and terminer the testimony showed plainly that Colter, to whom the license was granted, had not the necessary accommodations for travelers such as the law contemplates, and did not keep a "hotel," in the legal sense of that term. There was also sufficient evidence from which the jury might have found that the defendants failed entirely in the discharge of their official duty, to ascertain the disability of Colter, and his want of accommodation, before they issued and delivered his license. It seems to be a plain case of neglect of duty, and the conviction should be affirmed.