STATE OF NEW JERSEY v. JOSEPH H. SWEETEN ET AL.

Submitted July 5, 1912—Decided November 30, 1912.

1. Though the excise commissioners of the city of Camden have discretionary power to grant or refuse licenses to sell intoxicating liquors, and though discretion means the exercising of the best of their judgment upon the occasion that calls for it, yet if this discretion be willfully abused it is criminal, and an indictment will therefore lie against such commissioners who grant or refuse such a license from corrupt and improper motives.

2. An indictment charging the excise commissioners of the city of Camden with misconduct in granting a license for the sale of intoxicating liquors, which avers in effect that, with knowledge that the applicant had "previously violated the law relating to the sale of intoxicating liquors" and "was altogether an unfit person to be granted a license," the defendants, "being minded and intending to maintain the number of inns and taverns in the city of Camden in defiance of their lawful duties" and the requirements of good order and government, "did wrongfully and corruptly grant" such license, will not be quashed upon the ground that it fails to charge any wrongful and corrupt design or intent.

3. An indictment charging the excise commissioners of the city of Camden with misconduct in refusing a license for the sale of intoxicating liquors, which avers in effect that the defendants, with knowledge of the good character of the applicant and the fact that he had always conducted his tavern in accordance with the law, and "not regarding their duty but wrongfully and maliciously and corruptly intending to oppress, injure, hurt and aggrieve" the applicant, by color of their office, did "corruptly, maliciously and unjustly" refuse to grant such license, will not be quashed upon the ground that it fails to charge any wrongful and corrupt design or intent.

4. The discretion to quash an indictment will not be exercised unless upon the clearest and plainest ground, but the defendant will be left to a demurrer, motion in arrest of judgment or writ of error.

Four writs of *certiorari* to review indictments. Heard on motion to quash.

Before Justices TRENCHARD, PARKER and MINTURN.

For the state, *William T. Boyle.*

For the defendants, *Lewis Starr.*

The opinion of the court was delivered by

TRENCHARD, J. These four indictments, removed by *certiorari* from the Camden County Court of Quarter Sessions to this court, charge the defendants, the excise commissioners of the city of Camden, with misconduct in office. Three of them charge misconduct in granting licenses for the sale of intoxicating liquors, and the fourth in refusing a license.

Motions are now made to quash each of them, and since they have been argued together, they will be considered together.

The principal grounds urged in support of the motions are as follows:

*First.* That the commissioners had an absolute discretion in granting and refusing licenses, and that therefore there could be no breach of duty that would constitute a criminal offence.

*Second.* That the indictments fail to charge any wrongful and corrupt design or intent.

We grant that the defendants were vested with discretionary power to grant or refuse licenses. That is conceded by the state. But under the law this grant of discretionary power does not carry with it complete immunity from indictment.

With respect to licenses for the sale of intoxicating liquors, the excise commissioners of the city of Camden have much the same powers as justices of the peace in England.

In *Rex* v. *Young,* 1 *Burr.* 556 (97 *Eng. Rep. Reprint* 447), Lord Mansfield said: "But though discretion does mean (and can mean nothing else but) exercising the best of their judgment upon the occasion that calls for it; yet if this discretion be willfully abused, it is criminal, and ought to be under the control of this court." "But if it clearly appears that the justices have been partially, maliciously or corruptly influenced in the exercise of this discretion, and have (consequently) abused the trust reposed in them, they are liable to prosecution by indictment or information." Again, in *Rex* v. *Williams,* 3 *Id.* 1317 (97 *Eng. Rep. Reprint* 851), Lord Mansfield declared "that the court granted this information

against the justices, not for the mere refusing to grant the licenses (which they had a discretion to grant or refuse, as they should see to be right and proper), but for the corrupt motive of such refusal; for their oppressive and unjust refusing to grant them, because the persons applying for them would not give their votes for members of parliament as the justices would have had them." In *Rex* v. *Hann, Id.* 1716 (97 *Eng. Rep. Reprint* 1062), Lord Mansfield again expresses himself upon this subject in the following language: "The court should never interpose against magistrates, unless they have acted from bad motives and *mala fide;* especially in such a case as this where they are entrusted with an absolute discretion. But, for that very reason, this is the strongest case for the interposition of the court, if it appears that they have acted upon corrupt motives." In *King* v. *Holland*, 1 *T. R.* 692 (99 *Eng. Rep. Reprint* 1324): "The court were clearly of the opinion that an information should be granted against a justice as well for granting a license improperly as for refusing one in the same manner. * * * And, indeed, the mischief of granting a license improperly was infinitely greater than that of refusing one; for in the former case it might be productive of injury to the whole community, while in the latter the grievance was felt only by the individual. That the only ground of these applications was the improper conduct of the magistrates." In the State of New York, in *People* v. *Norton*, 7 *Barb.* 477, the court said: "The duty of commissioners of excise in this state is extremely similar to that of justices of the peace in England, in granting or refusing licenses to sell ale. The conduct of justices, in that respect, has frequently been the subject of investigation; and it seems clear, says Mr. Russell, that though upon this matter they have a discretionary jurisdiction given them by law, and though discretion means the exercising the best of their judgment upon the occasion that calls for it, yet if this discretion be willfully abused, it is criminal, and under the control of the Court of King's Bench. That court will therefore grant an information against the justices who refuse, from corrupt and improper motives, to grant such licenses, and information

will be granted against them, as well for granting a license improperly, as for refusing one in the same manner." See, also, *King* v. *Sainsbury,* 4 *T. R.* 450 (100 *Eng. Rep. Reprint* 1113) ; *King* v. *Borron,* 3 *B. & A.* 432 (106 *Eng. Rep. Reprint* 721) ; *People* v. *Jones,* 54 *Barb.* 311; *People* v. *Meakim,* 133 *N. Y.* 214; *People* v. *Worsley,* 1 *N. Y. Supp.* 748.

We conclude, therefore, that, though the excise commissioners of the city of Camden have discretionary powers to grant or refuse licenses to sell intoxicating liquors, and though discretion means the exercising the best of their judgment upon the occasion that calls for it, yet if this discretion be willfully abused, it is criminal, and an indictment will therefore lie against such commissioners who grant or refuse such a license from corrupt and improper motives.

Nor are we inclined to quash the indictments on the theory that they fail to charge any wrongful and corrupt design or intent.

The indictments alleging misconduct in the granting of licenses to Peter Kelly, Thomas Kelly and John Flood, respectively, each in effect set forth—*first,* that the defendants constituted the board of excise commissioners; *second,* their power to grant licenses for the sale of intoxicating liquors; *third,* the application for a license; *fourth,* the knowledge upon the part of the defendants that the applicant had "previously violated the law relating to the sale of intoxicating liquors," and "was altogether an unfit person to be granted a license;" *fifth,* that "being minded and intending to maintain the number of inns and taverns in the city of Camden in defiance of their lawful duties" and requirements of good order and government they "did unlawfully, wickedly, wrongfully and corruptly grant" said license.

The indictment charging misconduct in refusing a license to one Leon Miller sets forth in effect—*first,* that the defendants constitute the board of excise commissioners; *second,* their power to grant licenses for the sale of intoxicating liquors; *third,* the application for a license regular in all respects; *fourth,* the knowledge upon the part of the defendants of the good character of the applicant and the fact that

he had always conducted his tavern in accordance with the law; *fifth,* that "not regarding their duty but wrongfully and maliciously and corruptly intending to oppress, injure, hurt and aggrieve said Leon Miller," by color of their office, did "corruptly, maliciously and unjustly" refuse to grant said license.

It will be observed that the indictments charging misconduct in granting licenses aver that the defendants, *being minded and intending to maintain the number of inns and taverns in the city in defiance of their lawful duties and the requirements of good order and government, did wrongfully and corruptly* grant such licenses. It will also be seen that the indictment charging misconduct in refusing a license avers that the defendants, *not regarding their duty but wrongfully and maliciously and corruptly intending to oppress, injure, hurt and aggrieve the applicant, by color of their office, did corruptly, maliciously and unjustly* refuse to grant such license.

Surely, in the face of such averments, it cannot be said that it clearly appears that the indictments fail to charge any wrongful and corrupt design or intent. See *Rex* v. *Brooke,* 2 *T. R.* 190, 195.

The rule is that the discretion to quash an indictment on motion will not be exercised unless upon the clearest and plainest ground, but the defendant will be left to a demurrer, motion in arrest of judgment, or writ of error. *Proctor* v. *State,* 26 *Vroom* 472; *State* v. *Johnson,* 53 *Id.* 330.

The motion to quash in each case will be denied, and the indictments will be sent to the Camden Quarter Sessions for trial.