[No. 20537. In Bank. — November 6, 1889.]

# THE PEOPLE, RESPONDENT, *v.* JAMES McKENNA, APPELLANT.

CRIMINAL LAW — FALSE PRETENSES — DEFRAUDING OF PROPERTY — INFORMATION — MOTION IN ARREST OF JUDGMENT. — An information charging that the defendant did unlawfully, knowingly, and designedly, by false and fraudulent representations and pretenses, defraud another person of certain personal property, without setting forth the facts constituting the fraud or stating what the representations or pretenses were, does not state facts sufficient to support a conviction, and should be dismissed upon a motion in arrest of judgment.

ID. — FRAUD — QUESTION OF LAW — PLEADING. — The question whether a thing has been done fraudulently is a question of law, and an allegation of fraud in general terms presents no issuable fact. Facts constituting fraud must be pleaded with particularity both in civil and in criminal cases.

ID. — CRIMINAL PLEADING — WORDS OF STATUTE. — The general rule that an information or indictment is sufficient if it describes the offense in the words of the statute is subject to the qualification, fundamental in the law of criminal procedure, that the accused must be apprised with reasonable certainty of the nature of the accusation, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*William Shipsey*, for Appellant.

*Attorney-General Johnson*, for Respondent.

PATERSON, J. — The defendant was tried and convicted on an information which charged that, "on or about the fifteenth day of July, 1888, at the county of San Luis Obispo, state of California, [the defendant] did unlawfully, knowingly, and designedly, by false and fraudulent representations and pretenses, defraud one David Taylor of personal property, to wit, twenty hogs, of the value of $203.40, in lawful money of the United States,

the personal property of the said David Taylor, contrary to the form, force," etc.

The most important question in the case is whether the facts stated are sufficient to support a conviction. There was no demurrer to the complaint, but there was a motion in arrest of judgment and a motion for a new trial. It is claimed on behalf of the respondent that the information is sufficient in the absence of a demurrer; that if the defendant had desired the information to be made more specific, he should have demurred on the ground that it did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code. If, however, the *facts* stated in the information do not constitute a public offense, the objection to its sufficiency may be made at any time. In civil cases the rule is, as stated by Mr. Justice Temple, that the plaintiff is not required "to allege with minuteness all the particulars and circumstances which constitute the evidence of the alleged fraud, but he must make the charge with sufficient distinctness to enable his adversary to come prepared with his evidence upon the general questions of fraud which will be raised." (*Capuro* v. *Builders' Ins. Co.,* 39 Cal. 125.) It matters not that no objection is made by demurrer. Objection may be made at any time, because it goes to the substance of the complaint or indictment. The question whether a thing has been done fraudulently is a matter of law, and an allegation of fraud in general terms presents no issuable fact. (*Meeker* v. *Harris,* 19 Cal. 289, 290; *Triscony* v. *Orr,* 49 Cal. 617; *Sacramento Savings Bank* v. *Hyne,* 50 Cal. 202.) Where no facts are averred, no facts are admitted. (*Payne* v. *Elliot,* 54 Cal. 343; 35 Am. Rep. 80; *Johnson* v. *Kirby,* 65 Cal. 487.)

It is said by Mr. Bishop that "to charge simply in the statutory words that the thing was obtained by 'fraud and pretense' is not adequate; what the particular pretenses were must be stated, both as notice to the defend-

ant of what he has to answer to, and as enabling the court to discern their indictable quality. A pretense as set out must be adequate in law; for example, it must be of an existing fact, not a promise. And it must be stated in a form direct, not argumentative. Therefore, an allegation which did not distinguish clearly whether it was promise or fact was adjudged ill." (2 Bishop on Criminal Law, secs. 165, 166.) Mr. Wharton says an information charging simply that the defendant obtained goods by false pretenses "would be scouted out of court." (1 Wharton on Criminal Law, sec. 192.)

As said in *United States* v. *Watkins*, 3 Cranch C. C. 441: "Fraud is an inference of law from certain facts, and the indictment must aver all the facts which constituted the fraud; . . . . to aver that an act was fraudulently done is, therefore, to aver a matter of law, and not a matter of fact."

It is a sound principle that an indictment charging fraud of any kind should aver with particularity the *facts* relied upon to show fraud. Many of the niceties and technicalities which existed under former methods of pleading are not allowed to prevail under the provisions of our code, but the rule still exists that an indictment must be certain and clear as to "the particular circumstances of the offense charged when they are necessary to constitute a complete offense." (Pen. Code, sec. 952, subd. 3.) It is true that, as a general rule, an indictment is sufficient if it describe the offense in the words of the statute; but, as said by Mr. Justice Harland in *United States* v. *Simmons*, 96 U. S. 360: "To this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense." The conviction under the information before us and the judgment

entered thereon could not be safely or successfully pleaded in bar of a second prosecution for the same offense. It is alleged simply that the defendant unlawfully, knowingly, and designedly, by false and fraudulent representations and pretenses, defrauded Taylor of his personal property. The particular fraud is in no way identified. In our opinion the allegations of the information are not sufficient to apprise the defendant with that certainty which the law requires of the nature of the accusation against him to enable him to prepare a defense, or to plead the judgment as a bar to any subsequent prosecution for the same offense, and therefore that the motion in arrest of judgment should have been granted, and that the information ought to have been dismissed. (*United States* v. *Goggin*, 9 Biss. 269.) A distinction is made between pleadings inartificially drawn, where there is an attempt to plead the facts, and those entirely wanting in facts.

In *People* v. *Donaldson*, 70 Cal. 116, relied upon by respondent, the indictment charged that the defendant obtained the property under false pretenses, "in that he did willfully, unlawfully, knowingly, and designedly obtain from one J. P. Spence certain hogs belonging to him and in his possession, by falsely pretending to Spence that he, the defendant, had in the Commercial and Savings Bank of San José the sum of $196.70, and did, with intent to cheat and defraud said Spence, make, execute, sign, and deliver to him a check upon that bank for such amount. The indictment further alleged that Spence was induced to part with his property by reason of such representation, and that the defendant knew at the time that he had no money or credit in the bank, and had no reason to believe that the check would be honored or paid." The difference between that case and the one before us is made plain by comparing the allegations of the indictment with those of the information herein.

The instructions, taken together, correctly state the law.

The instruction given by the court of its own motion, however, would be better and clearer if the word "fraudulently" were inserted before the word "represented."

The judgment is reversed, with directions to the court below to dismiss the information.

MCFARLAND, J., WORKS, J., THORNTON, J., SHARPSTEIN, J., BEATTY, C. J., and FOX, J., concurred.