[No. 20834. In Bank. — October 1, 1891.]

THE PEOPLE, RESPONDENT, v. JAMES NEIL, APPELLANT.

91  465
6145 108

CRIMINAL LAW — PLEADING — STATEMENT OF OFFENSE — PARTICULAR CIRCUMSTANCES. — Although an information or indictment will generally be held to be sufficient if it charges the offense in the language of the statute, yet where the particular circumstances of the offense are necessary to constitute a complete offense, they should be stated and averred, and a failure to do so will vitiate the information or indictment.

ID. — FRAUDULENT VOTING — FACTS CONSTITUTING FRAUD — DISQUALIFICATION TO VOTE. — An information which merely alleges that the defend-

XCL CAL.—30

ant fraudulently voted at an election, when he was not entitled to vote, is insufficient, in the absence of an averment of the particular facts relied upon, to show the fraud and to show the disqualification of the defendant to vote, notwithstanding section 45 of the Penal Code declares that "every person not entitled to vote who fraudulently votes at any election . . . . is guilty of a felony."

ID. — CONCLUSIONS OF LAW — FRAUD — DISQUALIFICATION TO VOTE. — Allegations of fraud in general terms, and that a defendant is not entitled to vote, are conclusions of law, and present no issuable fact.

ID. — FACTS SHOWING DISQUALIFICATION TO VOTE. — The material facts necessary to be charged to show a disqualification to vote are those facts prescribed by the constitution and the code as constituting the qualifications and creating the disabilities of electors.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Hugh J. & William Crawford,* for Appellant.

*Attorney-General Hart,* and *Deputy Attorney-General Layson,* for Respondent.

FITZGERALD, C. — The defendant was tried and convicted in the court below upon an information charging him with illegal voting, and sentenced to imprisonment in the state prison for the term of one year. The information, which charges, in the language of the code, that the defendant fraudulently voted at an election, when he was not entitled to vote, was demurred to on the following grounds: 1. That the facts stated in the information do not constitute a public offense; 2. "That the information does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code in this, that it is alleged that defendant was not entitled to vote at the election therein mentioned, but it is not alleged what qualification of a voter he does not possess."

The demurrer was overruled. After verdict, and before the defendant was called for judgment, he moved the court in arrest of judgment on the first ground stated in the demurrer, which motion was denied by the court. The case is brought here by appeal, upon the judg-

ment roll, from the judgment rendered upon the conviction, and from the order denying the defendant's motion in arrest of judgment.

The only question presented for decision involves the validity of the information, on the ground that it is not direct and certain, for the reason that it omits to set forth the particular circumstances of the offense charged, and which are necessary to be alleged, in order to constitute a complete offense under the law.

Section 45 of the Penal Code, or rather that part of it upon which the information herein is founded, reads as follows: "Every person not entitled to vote who fraudulently votes at any election . . . . is guilty of a felony."

Section 1 of article II. of our state constitution prescribes the qualifications and disabilities of electors, and sections 1083 and 1084 of the Political Code are in the exact language of this section of the constitution.

The information, as we have before stated, charges the offense in the language of the code, and it is well settled under our system of pleading in criminal cases that this will generally be held to be sufficient; but where the particular circumstances of the offense are necessary to constitute a complete offense, they should be stated and averred, and a failure to do so will vitiate the information or indictment.

It is objected by appellant "that the allegation contained in the information that the defendant 'fraudulently voted' is insufficient, and this notwithstanding those are the words of the statute."

In Hirschfield's case, 13 Blatchf. 331, it was said by Benedict, J., that "the averment that the accused fraudulently registered is insufficient, although those are the words of the statute. Something more must be stated, in order to give the accused any proper notice of the charge which he is to meet. It is impossible for the accused to determine from this indictment whether he is required to show in his defense that he was twenty-one years of age, or to show that he resided in a certain place, or to show that he bore a certain name, or to show

that he was a native or that he was a naturalized citizen of the United States. An indictment under this statute should point out the fraud which it is supposed the accused committed, so that he can know what it is that he is called on to explain, and be enabled to prepare his defense."

And in *People* v. *McKenna,* 81 Cal. 159, it was said by Mr. Justice Paterson that "the question whether a thing has been done fraudulently is a matter of law, and an allegation of fraud in general terms presents no issuable fact."

"It is a sound principle that an indictment charging fraud of any kind should aver with particularity the *facts* relied upon to show fraud. Many of the niceties and technicalities which existed under former methods of pleading are not allowed to prevail under the provisions of our code, but the rule still exists that an indictment must be certain and clear as to 'the particular circumstances of the offense charged, when they are necessary to constitute a complete offense.'" (*People* v. *McKenna,* 81 Cal. 159.)

On the authority of that case, it follows that the objection to the information on this ground was well taken.

It is further objected "that the information is fatally defective for omitting to state facts showing that the accused was not entitled to vote."

The facts which constitute a qualified elector are those which are prescribed by the sections of the constitution, and the Political Code above referred to, and there are many causes of disqualification therein enumerated; but as to which one of them the defendant labored under the information does not disclose. The averment that the defendant was not entitled to vote is not the averment of a fact, but of a conclusion of law. The material facts necessary to be charged, and upon which this legal result, that he is not entitled to vote, is founded, are those facts prescribed by the constitution and the code as constituting the qualifications and creating the disabilities of electors.

Mr. Bishop, in the first volume of his work on Criminal Procedure (3d ed., sec. 627), says: "Whether one is a qualified voter or not is a result deduced by the law from the facts; and though a statute may mention a legal result in defining an offense, this is not the province of an indictment. It must state the facts out of which such result comes, thus giving the defendant notice of what is charged against him, and putting upon the record a proper case for the adjudication of the court."

In *People* v. *Standish*, 6 Park. Cr. 111, it is said: "*Prima facie* every white man of the age of twenty-one years is entitled to vote, and when he offers a vote it must be received, unless some fact is shown or appears which disqualifies him; and when charged with voting without being legally qualified, the indictment should show the fact or facts which disqualify him." To the same effect are *State* v. *Moore*, 27 N. J. L. 105; *State* v. *Tweed*, 27 N. J. L. 111; *Gallagher* v. *State*, 10 Tex. App. 469; *Pearce* v. *State*, 1 Sneed, 63; *Gordan* v. *State*, 52 Ala. 308; *United States* v. *Hirschfield*, 13 Blatchf. 331; *Quinn* v. *State*, 35 Ind. 487; 9 Am. Rep. 754. When these cases were decided the statutes of most of those states were substantially the same as our own. The principal cases to the contrary are *State* v. *Douglass*, 7 Iowa, 414; *Commonwealth* v. *Shaw*, 7 Met. 52; *State* v. *Marshall*, 45 N. H. 281; *United States* v. *Quinn*, 12 Int. Rev. Rec. 153.

Upon a careful examination of these cases on this point, we are satisfied with the reasoning and the conclusion reached in the former.

It therefore follows that the information is fatally defective in omitting to state the particular fact or facts showing that the defendant was not entitled to vote.

The judgment and order should be reversed, and the information dismissed, and we so advise.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the court below is directed to dismiss the information.