[Crim. No. 1751. Second Appellate District, Division Two.—April 25, 1929.]

THE PEOPLE OF THE STATE OF CALIFORNIA, Respondent, v. SAM WICKERSHAM, Appellant.

Marcus L. Roberts and Paul W. Schenck for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, J.—Appellant was charged by indictment consisting of three counts with grand theft, it being alleged that he unlawfully and feloniously stole, took and carried away (1) thirty-two thousand shares of corporate stock, (2) a deed of trust, and (3) two thousand five hundred dollars in money, the property of another. He was convicted upon all charges, a motion for a new trial was presented, which was denied, and he appeals from the judgments and order denying said motion.

The evidence tended to show that the defendant unlawfully obtained possession of the personal property mentioned by representations that he was interested in a valuable mine which he had incorporated, and in which he would profitably invest for the owners of the securities and money. It subsequently developed that Wickersham had neither a mine nor a corporation, but that he had surreptitiously secured about seventy thousand dollars worth of property of the complaining witnesses for his own benefit, and converted it to his personal uses and purposes. ■ It is first contended that appellant was deprived of his constitutional rights by the failure of the indictment to inform him as to the manner in which the People intended to show that he was guilty of grand theft; that is, whether they would attempt to prove that he stole, took and carried away the property of another, or obtained it by false pretenses, or embezzled it. No demurrer was interposed, and the indictment certainly charges the defendant with a public offense. Appellant relies upon article VI of the constitution of the United States, which provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation. That this article is intended to be restrictive of the powers of the federal government is pointed out in *People* v. *Wilson*, 26 Cal. App. 336 [146 Pac. 1048].

■ As far as the evidence is concerned, it is clearly sufficient to justify the jury in believing and deciding that Wickersham committed grand larceny in any of the ways mentioned in section 484 of the Penal Code (as amended by Stats. 1927, p. 1046), except its last specification. Said section reads as follows:

"Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor, or real or personal property, or who causes or procures others to report falsely of his wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of any money or property or obtains the labor or service of another, is guilty of theft. . . . "

Much space is devoted in the briefs to an exhaustive outline and discussion of the evidence, but for the purposes of a decision of this proposition we do not deem it necessary or expedient to delineate details. The extremely exaggerated inducements utilized to gain possession of the money and securities from their owners, one of whom was ill in a hospital, coupled with an absolute lack of foundation for expectation of their fulfillment, and the defendant's admissions that he did not use any of the funds or property in the manner promised by him, warranted the conclusion that there had been a preconceived and consummated violation of the law which denounces theft. The jury were justified in finding that the defendant knowingly and designedly by false and fraudulent representations and pretenses secured money and personal property, and that he took and carried away, and fraudulently appropriated it to his own use after it was entrusted to him. That such acts constitute stealing, has heretofore been decided. · (*People* v. *Edwards*, 72 Cal. App. 102 [236 Pac. 944].) ■ Having obtained possession of the property by fraud, the owners parted with it against their will and without their consent. The fraud used took the place of force, and legal title did not pass.

■ It is argued that the indictment having charged that he did "take, steal and carry away" certain property, proof of one of the other species of theft named in section 484 is insufficient to sustain that charge. Precisely this objection was made in *People* v. *Plum*, 88 Cal. App. 575 [263 Pac. 862], and *People* v. *Lalor*, 95 Cal. App. 242 [272 Pac. 794]. In each of these the ruling was adverse to the contention here advanced. ■ It is argued that appellant was not advised when arraigned, and was unable to determine throughout the trial, as to whether he had been accused of stealing the property of another, embezzling it, or obtaining possession by false pretenses, or by trick and device, and that he was deprived of all opportunity to prepare for trial, or to defend himself, or to offer instructions to the jury, because the theory of the prosecution was not disclosed. The indictment being sufficient, appellant had all of the information contemplated by law as to the nature of the charge.

■ It is contended that the court did not clearly or properly instruct the jury as to the element of fraud neces-

sarily contained in theft as charged in certain counts of the indictment. The court defined actual fraud as the term is used in section 1572 of the Civil Code. It is clear that this instruction standing alone would be erroneous. The last two subdivisions do not take into account the felonious intent and knowledge of the falsity of the representations made, which are necessary to the definition of fraud as an element in the species of grand theft here involved. The same is true of another instruction that "deception, deliberately practiced for the purpose of gaining an unfair advantage of another is fraud. Goods obtained by such practices are obtained by fraud. One deprived of his property by such means is defrauded." However, what is held in *People* v. *Bowman*, 24 Cal. App. 781 [142 Pac. 495], concerning the instruction just quoted is applicable to both of these instructions. That is, that even though erroneous the defendant was not prejudiced. It is true that the law might properly have been expounded more favorably to the defendant. A principle of law though substantial and settled is nevertheless often susceptible of statement in such form as to incline in some degree toward the theory of the prosecution or defense in a given case. In this instance other instructions given by the court informed the jury sufficiently, we think, of the need of proof of knowledge and falsity of the representations made and of the design to deceive. An instruction might have been so framed as to have stressed these essentials and thus have insured fuller appreciation of them by the jury. In a number of instructions the need of proof of knowledge and design is mentioned, and a fair construction of them all we think requires the conclusion that the jury were sufficiently informed in that regard. Perhaps the most clear statement of the matter is to be found in the following instruction which was given: "If a person knowingly and designedly, by any false or fraudulent representation or pretense, defrauds any other person of money or property, the offense is theft, but to constitute this offense, four things concur: (1) There must be an intent to defraud; (2) there must be actual fraud committed; (3) false pretenses must be used for the purpose of perpetrating the fraud; and (4) the fraud must be accomplished by means of the false pretenses made use of for the purpose,

viz.: they must be the cause which induced the owner to part with his property."

The judgments and order appealed from are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1929.

All the Justices present concurred.