[Crim. No. 3605.  In Bank.—December 21, 1932.]

In the Matter of the Application of KENNETH McDON-
ALD for a Writ of Habeas Corpus.

Paul W. Schenck for Petitioner.

Harvey & Johnston, A. H. Swallow, H. E. Bianchi and
T. N. Harvey for Respondent.

THE COURT.—This is a petition for a writ of *habeas
corpus*. On December 21, 1925, El Dora Oil Company, hav-
ing previously recovered a money judgment against Ronald
McDonald, brought an action against Ronald McDonald
and Jennie McDonald in the Superior Court of Kern County
to have it decreed that certain real property standing in
the name of Jennie McDonald was in fact the property
of Ronald McDonald. The object of the suit was to levy
execution on the property to enforce the judgment previ-
ously obtained. A *lis pendens* was recorded on said date.
Prior to trial, El Dora Oil Company was adjudicated a
bankrupt, and William H. Moore, Jr., was appointed trustee
and substituted as plaintiff in the action. The court gave
a decree in his favor on April 16, 1929, and the decree was
affirmed on appeal and became final on or about May 21,
1932. The said decree declared that the property was
owned by Ronald McDonald and that Jennie McDonald
had no right, title or interest therein; and that "the said
defendant Jennie McDonald, her successors and assigns, are
hereby forever enjoined and restrained from asserting or
claiming any right, title or interest in or to said real prop-
erty."

Subsequently, on June 6, 1932, petitioner Kenneth Mc-
Donald commenced an action in the said superior court
against Jennie McDonald and the trustee of El Dora Oil
Company, to have it decreed that he had a prior lien on
said property in the amount of $50,000. The complaint al-
leged that Jennie McDonald had borrowed $50,000 from
Security Trust Company on August 26, 1925, and had given
as security a deed of trust on the said property; that peti-
tioner, in August, 1927, at her request, paid said indebted-
ness and took an assignment of the deed of trust from
Security Trust Company, it being agreed by Jennie McDon-
ald that petitioner should be substituted for the trust com-
pany and should have a first lien upon the property to
secure his payment.

Thereafter, on August 9, 1932, A. H. Swallow, one of counsel for the trustee, filed an affidavit with the trial court setting forth these facts and seeking to have petitioner adjudged guilty of contempt, on the ground that the institution of his suit constituted a violation of the injunction contained in the judgment in the prior action. An order to show cause was issued, a demurrer thereto was overruled, and petitioner was adjudged in contempt and a fine of $50 was imposed, with the alternative penalty of one day's imprisonment for each $2 in the event of failure to pay. Petitioner did not pay, and a commitment was issued, followed by his imprisonment. This writ of *habeas corpus* was granted to determine the legality of his detention.

It is settled that the affidavit which forms the basis of a contempt proceeding must state sufficient facts to constitute the offense. (*Berger* v. *Superior Court,* 175 Cal. 719 [167 Pac. 143, 15 A. L. R. 373].) The affidavit of Swallow is defective in this regard. It avers that Kenneth McDonald, at the time he brought his action, "had full and actual knowledge" of the judgment and all of its provisions. It does not state that he had knowledge of its appeal and final termination in favor of the trustee. Much more fundamental, however, is its failure to allege that Kenneth McDonald is a party included within the terms of the judgment, either as an individual or as a member of a class designated therein. Since he was a stranger to the former action, he can in no way be considered bound by the judgment unless he comes within the provision thereof referring to the "successors and assigns" of Jennie McDonald. But the affidavit does not allege, and the court in its judgment of contempt does not find, that Kenneth McDonald is the "successor" or "assign" of Jennie McDonald, or that he claims any interest in the property in such capacity. In short, the charge of contempt rests, so far as this record is concerned, upon his *knowledge* of the judgment. This is plainly insufficient. (*Berger* v. *Superior Court, supra.*)

In addition to the insufficiency of the affidavit, the conceded facts fail to show any basis for a judgment of contempt. The claim upon which petitioner sued arose in August, 1925, prior to the filing of the action by El Dora Oil Company. From the time the *lis pendens* was recorded (December 21, 1925) no one could acquire rights from Jen-

nie McDonald in said property superior to those of the said company. But the interest represented by the note and deed of trust was acquired before that time. Hence the judgment that Ronald McDonald was sole owner of the property from and after December 21, 1925, in no way determines that Jennie McDonald was not the owner in August, 1925, when she made the deed of trust. Hence it is entirely possible that the deed of trust may be a prior lien. And petitioner is not suing as the successor to the interest of Jennie McDonald, nor as her assignee. She was indebted to the trust company. He paid her indebtedness and succeeded to the claim of the trust company against her. It is that claim upon which he is suing, and not any subsequent promise of Jennie McDonald.

No authorities are submitted by respondent, but we have examined the reported oral argument, and we are satisfied that the order adjudicating petitioner in contempt was invalid.

The writ is granted, and the petitioner is discharged from custody.