[Crim. No. 2490. Second Appellate District, Division Two.—April 3, 1934.]

In the Matter of the Application of W. E. MORFORD et al., for a Writ of Habeas Corpus.

Walter H. Hewicker for Petitioners.

Mathes & Sheppard and Robert A. Cushman for Respondent.

HAHN, J., *pro tem.*—This application for a writ of *habeas corpus* arises out of a judgment of the Superior Court of Los Angeles County holding petitioners in contempt by reason of their violation of the terms of certain orders of said court previously made, restraining and enjoining the defendants named in said action, their agents, servants and employees, from "delivering or furnishing linens or linen supplies to be used by any customers or former customers of the plaintiff . . . heretofore furnished with linen supplies by the plaintiff, through the defendants, or any of them, or otherwise during the period of time while said defendants, or any or either of them, were in the employ of the plaintiff and furnishing linen supplies to such customers for the plaintiff".

It appears from the affidavits upon which the order to show cause was issued, and upon the hearing of which petitioners were adjudged guilty of contempt, that on August 8, 1933, the United Linen Supply Company, a corporation engaged in the business in Los Angeles of supplying linen service to business and professional offices, secured from the

superior court a restraining order against the defendants named in the action, in substance as hereinbefore set forth.

On August 25, 1933, the same court upon a hearing had on an order to show cause issued an injunction *pendente lite* in substantially the same form as the earlier restraining order.

On October 27, 1933, after a trial of the action, the court by its judgment granted to plaintiff a permanent injunction prohibiting the defendants, their agents, servants and employees, from engaging in the acts previously restrained and enjoined pending trial of the action.

Upon a hearing on an order to show cause, petitioners, with several others who were named as defendants in the action out of which the orders were made, were adjudged to have violated the restraining and injunctive orders of the court, and judgments of fines, or in lieu thereof imprisonment in the county jail, were entered.

The petitioners here, who were not named as defendants in the suit, or served with any order or process of the court, except a copy of the permanent injunction, seek this review of the contempt proceedings so far as they are affected thereby. The general contention urged is that the affidavits which form the basis of the order to show cause are so lacking in necessary allegations as to leave the court without jurisdiction to make the order and judgment of contempt complained of.

The affidavits which form the basis of the contempt proceedings in effect constitute the complaint in the case. (*Berger* v. *Superior Court*, 175 Cal. 719 [167 Pac. 143, 15 A. L. R. 373].) The affidavit of B. F. Richter, after setting forth the matters pertaining to the issuance of the temporary restraining order, the injunction *pendente lite* and the permanent injunction, together with copies of each of said orders, alleges that petitioners on or about August 8, 1933, after the temporary restraining order had been issued and served on the enjoined defendants, entered into a plan or conspiracy with the enjoined defendants to disobey and evade such order and any other order of the court that might be issued restraining or enjoining defendants from engaging in certain acts complained of in the complaint of the United Linen Supply Company. The affidavit proceeds to recite as among the overt acts which were engaged in and carried out in fulfillment of the conspiracy the following matters:

1st. That immediately upon the issuance of the temporary restraining order, petitioners began preparations to engage in the towel and linen supply business under the firm name of White City Towel & Linen Supply Company.

2d. That on or about October 4, 1933, the Associated Towel and Linen Supply Company, one of the enjoined defendants, entered into an agreement to sell and transfer to petitioners the business and accounts of certain customers who had formerly been regular customers of the plaintiff and whose patronage had been solicited by the defendants after they left the employ of plaintiff and after they had been served with the restraining order issued in the case.

3d. That continuously from October 1, 1933, petitioners furnished towels and linen supply services to those whose business accounts and patronage had been transferred by the Associated Towel and Linen Supply Company to petitioners for the purpose of defeating and evading the several orders of court issued in said action.

4th. That petitioners had at all times knowledge of the pendency of said action and of the existence and terms of the orders of court issued in said cause restraining and enjoining defendants from delivering or furnishing towels or linen supplies to those patrons who were customers of plaintiff at the time defendants were employed by plaintiff and who were served by defendants while in plaintiff's employ.

5th. That petitioners aided and abetted said defendants in disobeying the several orders of court, by entering into a conspiracy with them to evade and disobey said court orders, and specifies in particular as overt acts of said conspiracy a number of instances where former customers of plaintiff were served with towels and linen supplies by the enjoined defendants and petitioners after the restraining and injunctive orders had been issued and served.

Petitioners' contention that the affidavit does not contain the necessary allegations to support the judgment of the court is without merit. The gravamen of the complaint is the conspiracy between the defendants and petitioners to evade and disregard the court's order and the overt acts perpetrated in the consummation of the conspiracy.

It has been repeatedly held in this state that one may be held for contempt for a violation of a court order

even though he may not himself be a party to an injunction suit, where he, knowing of the court's order, aids and abets another who was directly enjoined by the order from doing certain things. Judicial approval has been given in this state to the proposition that a person not a party to the action may nevertheless be bound by an injunction if he had knowledge of it, provided he acted in collusion with the person directly restrained by the order. (*Golden Gate Consol. etc. Co.* v. *Superior Court*, 65 Cal. 187 [3 Pac. 628].)

The court in the case of *Berger* v. *Superior Court*, 175 Cal. 719 [167 Pac. 143, 15 A. L. R. 373], in sustaining this rule says: "In matters of injunction, however, it has been a common practice to make the injunction run also to classes of persons through whom the enjoined party may act, such as agents, servants, employees, aiders, abetters, etc., though not parties to the action, and this practice has always been upheld by the courts, and any of such parties violating its terms with notice thereof are held guilty of contempt for disobedience of the judgment. But the whole effect of this is simply to make the injunction effectual against all through whom the *enjoined party* may act, and to prevent the prohibited action by persons acting in concert with or in support of the claim of the *enjoined party,* who are in fact *his* aiders and abetters. As we have said, this practice is thoroughly settled and approved by the courts, and there is a fair foundation for a conclusion that persons so cooperating with the enjoined party are guilty of disobedience of the injunction."

Our Supreme Court, in the case of *Morton* v. *Superior Court*, 65 Cal. 496 [4 Pac. 489], quoted with approval the well-worded statement of the rule from the case of *People* v. *Pendleton*, 64 N. Y. 622, 624: "Injunction orders must be fairly and honestly obeyed, and not defeated by subterfuge and tricks on the part of those bound to obey them. They may be violated by aiding, countenancing and abetting others in violation thereof as well as doing it directly; and courts do not look with indulgence upon schemes, however skillfully devised, designed to thwart their orders."

Finally, petitioners urge: "The commitment is void for the reason that it finds petitioners guilty of contempt for various acts alleged to have been committed in the first and fourth causes of action of the affidavit."

As already pointed out, the contempt charged was a conspiracy entered into between petitioners and the enjoined defendants, whereby petitioners agreed to do and did do the very things defendants had been forbidden to do by the court's order. The plan agreed to and the overt acts in effect aided and abetted the defendants in accomplishing the very ends forbidden to them by the court. Count one of the affidavit sets out the scheme, and count four relates in detail the overt acts of petitioners in carrying out the plans. The planning and the consummation of the plan constituted a single offense.

The mere agreement without any overt act, which in itself was in violation of the court's order, would not have constituted actionable conduct on the part of the conspirators. It was the fulfilled conspiracy which constitutes the gravamen of the complaint. There is nothing in the case of *Lindsley* v. *Superior Court,* 76 Cal. App. 433 [245 Pac. 212], cited by petitioners, that militates against this conclusion. In that case the affidavit charged four separate publications, each of which constituted a separate act of contempt. The court entered four separate judgments and imposed a separate sentence upon each judgment. This action was sustained on appeal.

In opposition to the granting of the writ, respondent points out that if it be held that the affidavit contains sufficient allegations to give the court jurisdiction of petitioners to punish them for contempt, the mere fact that the court erroneously imposed a single sentence when more than one sentence should have been imposed will not entitle them to be released on *habeas corpus.* This on the theory that the writ of *habeas corpus* will not lie to correct an erroneous judgment. To be entitled to a writ it must appear that the judgment is void for want of jurisdiction. The point is well taken. (*In re Read,* 143 Cal. 634 [77 Pac. 660, 101 Am. St. Rep. 138]; *Ex parte Soto,* 88 Cal. 624 [26 Pac. 530].)

For the foregoing reasons the prayer of the petition is denied, the writ is discharged and the petitioners remanded to the custody of the sheriff of Los Angeles County.

Stephens, P. J., and Craig, J., concurred.