SHAW, P. J.
 

 The defendants are prosecuted in this criminal action on a complaint containing three counts. They filed a demurrer to the complaint, which was overruled as to Counts I and III, and sustained as to Count II, with leave to amend. The People having failed to amend within the time allowed therefor, judgment of dismissal of Count II was entered, from which the People appeal. Such an appeal from the judgment entered on one count is proper although the other counts are not disposed of.
 
 (People
 
 v.
 
 Ring
 
 (1937), 26 Cal.App.2d Supp. 768, 770 [70 P.2d 281].)
 

 At the threshold of our consideration of this appeal we are confronted with the question, what defects or objections to the complaint in a criminal action in a municipal, justice’s or police court—the practice is the same in all (Pen. Code, § 1461a)—may be raised and considered on a demurrer to the complaint? Prior to 1945 there was no provision for a demurrer to such a complaint in those courts, and objections to the complaint were made either by a motion in arrest of judgment or by motion to dismiss. The motion in arrest of judgment is expressly provided for by section 1452 of the Penal Code, and the defendant can found it on “any substantial defect in the complaint. ’ ’ By this motion a defendant cannot take advantage of defects in form in a complaint.
 
 (People
 
 v.
 
 Rosenbloom
 
 (1931), 119 Cal.App.Supp. 759, 763 [2 P.2d 228].) All defects consisting merely in the absence of that particularity which might be necessary to enable the defendants to prepare for and make their defense are to be regarded as defects in form and cannot be raised by such a motion.
 
 (People
 
 v.
 
 Welton
 
 (1922), 190 Cal. 236, 240 [211 P. 802].) Under section 1385 of the Penal Code, the court may dismiss an action “in furtherance of justice,” and under section 1387 such order may be “for the purpose of amending the complaint.” Under these sections the practice grew up of objecting to the sufficiency of a complaint to state an offense by motion to dismiss. Such a motion is not a proper mode for raising objections which go to mere uncertainty or want of particularity.
 

 
 *Supp. 972
 
 But by amendment of the Penal Code in 1945, sections 1428.1, 1428.2, and 1428.3 were added, which are applicable in all the courts above mentioned. These sections provide for a demurrer to the complaint, its permissible grounds, and tl^e procedure thereon. Section 1428.1 reads as follows: “At any time prior to entry of a plea, the defendant may demur to the complaint when it appears upon the face thereof either: 1. That the court has no jurisdiction of the offense charged therein; 2. That it does not substantially conform to the requirements of Section 1426 of this code; 3. That the facts stated do not constitute a public offense; 4. That it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.
 

 “Failure to make the objections above mentioned by demurrer when they appear upon the face of the complaint, shall constitute a waiver thereof, except that after a plea of guilty or a verdict or finding of guilty the objection to the jurisdiction of the court, or objection that the facts stated do not constitute a public offense, may be taken on a motion in arrest of judgment. ’ ’ The permissible grounds of demurrer here set forth are substantially the same as those allowed in the superior court by section 1004, and they appear to have been borrowed from that section, except that the charging of more than one offense is not made a ground of demurrer, as it is in the superior court. Obviously the general scope of the demurrer so authorized is, aside from the joinder of offenses, the same as that of a demurrer in the superior court in a criminal action. It is settled that the only grounds of demurrer allowed are those specifically named in the statute.
 
 (People
 
 v.
 
 Schmidt
 
 (1883), 64 Cal. 260, 261 [30 P. 814] ;
 
 People
 
 v.
 
 Tibbitts
 
 (1925), 71 Cal.App. 709, 712 [236 P. 217] ;
 
 People
 
 v.
 
 McAllister
 
 (1929), 99 Cal.App. 37, 44 [277 P. 1082].) It is to be noted that uncertainty is not made a ground of demurrer by section 1428.1, except insofar as it constitutes a failure to conform to section 1426.
 

 Section 1426 reads as follows: “All proceedings and actions before a justice’s or police court, or a municipal court, for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint. In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a
 
 *Supp. 973
 
 statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft, it shall be sufficient to allege that the defendant unlawfully took the labor or property of another.” In construing this section it is to be noted that prior to 1931 it contained only the present first sentence (except the words “or a municipal court”), and that everything else now appearing in it was added by the amendment of 1931. The matter so added, except for the reference to a municipal court, was simply a copy of section 952, applicable in the superior courts, as that section had been amended in 1929, which amendment, following that of 1927, omitted the requirement that a pleading be direct and certain. These amendments of section 952 were made as part of a program for simplification and liberalization of the rules of pleading in criminal cases.
 
 (People
 
 v.
 
 Pierce
 
 (1939), 14 Cal.2d 639, 645 [96 P.2d 784];
 
 People
 
 v.
 
 Beesly
 
 (1931), 119 Cal.App. 82, 85 [6 P.2d 114, 970].) No doubt the addition of the words of section 952 in its amended form to section 1426 was made for the same purpose, and it should be construed according to the fair import of its terms, to effectuate that purpose. (Pen. Code, § 4.) But we cannot overlook the fact that in this amendment no part of the old section 1426 was deleted from the amended section. This indicates that the Legislature did not intend to repeal the old section completely. The old and new must, therefore, stand and he construed together and effect must be given to each, as far as possible, so as to make a consistent whole.
 
 (Donlon
 
 v.
 
 Jewett
 
 (1891), 88 Cal. 530, 534-5 [26 P. 370];
 
 Smith
 
 v.
 
 Board of Trustees
 
 (1926), 198 Cal. 301, 306 [245 P. 173].) Should it prove impossible to reconcile the old and the new in their entirety, and there is no other indication of the legislative intention, then to that extent the new parts of the section must be regarded as controlling.
 
 (Donlon
 
 v.
 
 Jewett, supra.)
 

 Looking now at the new part of the section, we note the provision that the statement that the accused has committed a public offense “may be in the words of the enactment describing the offense or declaring the matter to be a public offense” etc. When this same provision was put in section 952 it was
 
 *Supp. 974
 
 undoubtedly intended to reverse a rule previously declared by the courts on this point. While recognizing the rule that in general it is sufficient to charge an offense in the language of the statute defining it (14 Cal.Jur. 49-50), the courts had also held that where the words used in the statute have no technical meaning, or where the particular facts or acts which constitute the offense are not specified, it is necessary to set-forth the acts constituting the offense.
 
 (People
 
 v.
 
 Mahony
 
 (1904), 145 Cal. 104, 106 [78 P. 354];
 
 People
 
 v.
 
 Perales
 
 (1904), 141 Cal. 581, 583 [75 P. 170];
 
 People
 
 v.
 
 Neil
 
 (1891), 91 Cal. 465, 467 [27 P. 760] ;
 
 People
 
 v.
 
 McKenna
 
 (1889), 81 Cal. 158, 160 [22 P. 488] ;
 
 People
 
 v.
 
 Butler
 
 (1917), 35 Cal.App. 357, 362 [169 P. 918], 14 Cal.Jur. 49-50.) Since the general rule of following the statutory definition was thus recognized except in the one class of cases, without any statutory provision to that effect, the purpose of enacting the rule into statute
 
 without any exception
 
 must have been to abolish the exception and let the rule stand in complete generality, and section 952 is so construed.
 
 (People
 
 v.
 
 Pierce, supra,
 
 (1939), 14 Cal.2d 639, 644;
 
 People
 
 v.
 
 Mitchell
 
 (1940), 40 Cal.App.2d 204, 210 [104 P.2d 545].) In
 
 People
 
 v.
 
 Steel
 
 (1939), 35 Cal.App.2d Supp. 748, 751 [92 P.2d 815], and
 
 People
 
 v.
 
 Smith
 
 (1939), 36 Cal.App.2d Supp. 748, 753 [92 P.2d 1039], it is held that under the provisions of section 1426 as they now stand a complaint in the words of the statute is sufficient, and in the Smith case it is further held that the provisions of section 1426 to that effect are valid. But the scope of this part of the enactment is limited to this purpose, as, indeed, plainly appears from its words; that is, it covers only the matter of describing the offense, or in the words of the old part of section 1426, it goes only to “the character of the offense. ’ ’ It does prescribe quite definitely what allegations in that respect shall be sufficient, and thus it must be regarded as limiting the effect of the first, or old, part of the section so that the defendant cannot demand under it any further particulars “to enable him to understand distinctly the character of the offense complained of” than are declared sufficient by the last, or new, part thereof. But under the first (the old) part of the section the complaint is still required to set forth “such particulars of time, place, person and property as to enable the defendant ... to answer the complaint.” If it fails to do so, the complaint is subject to demurrer under the second subdivision of section 1428.1, and
 
 *Supp. 975
 
 no doubt such demurrer may reach any uncertainty in any of these matters which would prevent the defendant from answering ; but we see in the section no authorization for objecting by demurrer to any other uncertainty, where the offense is described in the manner sanctioned by the last, or new, part of section 1426.
 

 No doubt in many a complaint describing the character of the offense in the manner above mentioned some of the facts which must be proved to support it will be set forth only by way of conclusion, either of law or fact. Numerous cases may be found holding that conclusions of law are insufficient in an indictment or information; that the facts must be stated. (See
 
 People
 
 v.
 
 Mahony, supra,
 
 (1904), 145 Cal. 104, 108;
 
 People
 
 v.
 
 Neil, supra,
 
 (1891), 91 Cal. 465, 468;
 
 People
 
 v.
 
 McKenna
 
 (1889), 81 Cal. 158, 159;
 
 People
 
 v.
 
 Butter, supra,
 
 (1917), 35 Cal.App. 357, 367.) But these cases were decided before the Penal Code amendments of 1927 and 1929 to which we have referred, and are superseded by them. The allegation expressly permitted by sections 1426 and 952 as a charge of theft is manifestly a mere conclusion of law, especially when applied to a case of embezzlement or obtaining money by false pretenses, both of which are now, by the terms of section 484, included in theft. In the cases last mentioned a great many facts which must be proved are wrapped up in the mere conclusion of law that the taking was unlawful. Under former rules of criminal pleading such an allegation would have been held insufficient as a description of the character of the offense (see for an instance,
 
 People
 
 v.
 
 McKenna, supra,
 
 (1889), 81 Cal. 158, 160), but now by force of the statute so providing it is held sufficient.
 
 (People
 
 v.
 
 Fewkes
 
 (1931), 214 Cal. 142, 149 [4 P.2d 538] ;
 
 People
 
 v.
 
 Dunn
 
 (1940), 40 Cal.App.2d 6, 12 [104 P.2d 119], certiorari denied (1940), 311 U.S. 701 [61 S.Ct. 139, 85 L.Ed. 454];
 
 People
 
 v.
 
 Bolinson
 
 (1930), 107 Cal.App. 211, 218 [290 P. 470] ;
 
 People
 
 v.
 
 Wickersham
 
 (1929), 98 Cal.App. 502, 505 [277 P.121] ;
 
 People
 
 v.
 
 Plum
 
 (1928), 88 Cal.App. 575, 582, 587 [263 P. 862, 265 P. 322].) Likewise, in charging the very grave offense of murder, section 951, Penal Code, as amended in 1927, permits the essence of the charge to be embodied in the one word “murdered,” which is a mere legal conclusion, and this allegation has been held sufficient.
 
 (People
 
 v.
 
 Magsaysay
 
 (1930), 210 Cal. 301 [291 P. 582] ;
 
 People
 
 v.
 
 Coen
 
 (1928), 205 Cal. 596, 603 [271 P. 1074].) The Legislature, having thus confronted and ex
 
 *Supp. 976
 
 pressly legalized conclusions of law in regard to murder and theft, cannot be thought to have stopped short of doing the same thing when it authorized the use of the words of the statute, etc. without any qualification or exception of cases where the authorized words state a conclusion of law.
 

 Some of the cases which uphold indictments and informations in the form now prescribed by section 952 comment, in doing so, upon the fact that the defendant must, under other provisions of the code, be given a copy of the transcript of the evidence before the grand jury or at the preliminary examination preceding the information, as the case may be, and say that he can obtain from that the details which are omitted from the pleading. (See
 
 People
 
 v.
 
 Pierce supra,
 
 (1939), 14 Cal.2d 639, 646;
 
 People
 
 v.
 
 Mitchell, supra,
 
 (1940), 40 Cal.App.2d 204, 210;
 
 People
 
 v.
 
 Curtis
 
 (1939), 36 Cal.App.2d 306, 317 [98 P.2d 228];
 
 People
 
 v.
 
 Humphrey
 
 (1938), 27 Cal.App.2d 631, 638 [81 P.2d 588];
 
 People
 
 v.
 
 Gilbert
 
 (1938), 26 Cal.App.2d 1, 8 [78 P.2d 770] ;
 
 People
 
 v.
 
 Yant
 
 (1938), 26 Cal.App.2d 725, 730 [80 P.2d 506];
 
 People
 
 v.
 
 Beesly, supra,
 
 (1931), 119 Cal.App. 82, 85;
 
 People
 
 v.
 
 Plum, supra,
 
 (1928), 88 Cal.App. 575, 587.) In the courts to which section 1426 is applicable there is, as defendants point out, no corresponding procedure. The first and only official information a defendant there receives before trial of the charge against him is the complaint. Due process of law requires that this information be adequate to enable him to answer the charge, and the Legislature could not by statute authorize a form of complaint which was lacking in this respect. However, it has not purported to do so, for section 1426 still contains the provision requiring, in those matters which would serve to identify the charge, such particulars as to enable the defendant to answer the complaint. None of the cases just cited declares that the statutory form of pleading would be bad even if the defendant received no transcript of the testimony. In other cases the present statutes and the forms sanctioned by them have been upheld as constituting due process of law, without any reference to the provision for delivering a reporter’s transcript to the defendant.
 
 (People
 
 v.
 
 Covington
 
 (1934), 1 Cal.2d 316, 319-320 [34 P.2d 1019] ;
 
 People
 
 v.
 
 Dunn, supra,
 
 (1940), 40 Cal.App.2d 6, 12-13, in which certiorari was denied by the United States Supreme Court in (1940), 311 U.S. 701 [61 S.Ct. 139, 85 L.Ed 454];
 
 People
 
 v.
 
 Wiezel
 
 (1940), 39 Cal.App.2d 657, 665 [104 P.2d 70];
 
 People
 
 v.
 
 O’Neal
 
 (1934), 2 Cal.App.2d 551, 557 [38 P.2d 430] ;
 
 People
 
 v.
 
 Robinson, supra,
 
 (1930), 107
 
 *Supp. 977
 
 Cal.App. 211, 217-8;
 
 People
 
 v.
 
 Berg
 
 (1929), 96 Cal.App. 430, 433 [274 P. 433].) “Due process of law,” said the United States Supreme Court, in
 
 Garland
 
 v.
 
 Washington
 
 (1914), 232 U.S. 642, 645 [34 S.Ct. 456, 58 L.Ed. 772, 775], “does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. ’’ As the court said in
 
 People
 
 v.
 
 Covington, supra,
 
 “The state has the right to establish forms of pleading to be observed in its own courts, subject only to the provisions of the federal Constitution involving the protection of life, liberty and property in all the states”—a statement which was also made in
 
 People
 
 v.
 
 Robinson, supra.
 
 An analogous question was answered in
 
 People
 
 v.
 
 Nolan
 
 (1904), 144 Cal. 75, 80 [77 P. 774], where it was held that the provisions of section 971, Penal Code, that an indictment or information may charge an accessory before the fact in the same words used to charge the principal, without more, do not violate the Fourteenth Amendment, but provide sufficient notice to the defendant of the accusation against him and constitute due process of law.
 

 Count II of the complaint here attempts, at least, to charge the defendants with contempt of court as a misdemeanor, under section 166 of the Penal Code. That section reads, as far as material here, as follows: “Every person guilty of any contempt of court, of either of the following kinds, is guilty of a misdemeanor: . . . 4. Willful disobedience of any process or order lawfully issued by any court.”
 

 Count II alleges that the defendants on a certain date “did wilfully and unlawfully and knowingly . . . [stating place] disobey a lawful order of the Superior Court of the State of California, in and for the County of Los Angeles, in that . . . [they] disobeyed certain provisions of that certain order of the above named court, made . . . [giving the date, the name of the judge making the order and the title of the case in which it was made] which said order was then and there in full force and effect, and which said provisions provided as follows : That pending the hearing of said application for preliminary injunction the defendants, and each of them, their agents, employees, representatives, organizers, attorneys and servants, and the officers and members of defendant associations and persons acting in concert with them, or any of them, are and each of them is hereby restrained and enjoined and commanded to cease, desist and refrain from doing or attempt
 
 *Supp. 978
 
 ing to do or causing to be done, directly or indirectly, by any means, method or device whatsoever, any or all of the following acts, to wit:
 

 “ ‘4. Obstructing plaintiff or its employees, customers or tenants, or other persons, from ingress and egress into and out of plaintiff’s places of business by walking, marching or standing in groups or in any other manner.
 

 “ ‘5.
 
 Standing, marching or walking in groups or columns before or across the ordinary places of ingress to and egress from plaintiff’s places of business in such manner as not to leave between adjacent elements of such groups or columns ample space for the passage of persons or of vehicles seeking access to or from plaintiff’s place of business; which space shall be not less than twenty-five feet (25') in the case of places of ingress and egress customarily used for vehicular traffic and fifteen (15') feet in the case of places of ingress and egress customarily used solely for pedestrian traffic.’ ”
 

 The demurrer in this ease specified several objections to the complaint. We are informed by the statement on appeal that the trial court sustained the demurrer for the reason that no one would be in contempt of a court order “unless he is a party to the action out of which the court order emanated” nor unless he was “served with the order in legal fashion,” and that these facts were not alleged. Defendants do not advance these reasons in support" of the ruling, but'do rely strongly on the point that the complaint does not state
 
 any
 
 facts which would show that they are bound to obey the order. The propositions relied on by the trial court and that argued by appellant are all covered by what we have already said. The allegation in the words of section 166 that defendants wilfully disobeyed the order carries with it all facts necessary to be proved on these points. However, lest we be misunderstood, and that these matters may be properly dealt with at the trial which may result from our reversal of the judgment, we now declare our disapproval of the reasons given by the trial court for sustaining the demurrer. One who is not a party to an action and who has never been formally served with a restraining order made therein may, nevertheless, be guilty of contempt of court in violating such order, under some circumstances. For the purpose of this discussion, we assume, as do the parties, that the defendants herein were not parties to the action in which the restraining order was issued, although that fact does not appear from the complaint herein.
 
 *Supp. 979
 
 It is true, as held in
 
 Berger
 
 v.
 
 Superior Court
 
 (1917), 175 Cal. 719, 721 [167 P.143, 15 A.L.R. 373], that one not included in the terms of a restraining order or injunction, who does not act in concert with any of the parties enjoined or in support of their claims, but is moved by some independent purpose of his own, cannot be held in contempt of court because he does some act forbidden to those who are bound by the restraining order or injunction. But, according to the complaint here, the restraining order was directed not only to the defendants in the action, among whom was included at least one unincorporated association, apparently a labor union, but also to “their agents, employees, representatives, organizers, attorneys and servants, and the officers and members of defendant associations and persons acting in concert with them, or any of them. ’ ’ Such provisions in a restraining order are held valid in
 
 Berger
 
 v.
 
 Superior Court, supra,
 
 where the court says, “. . . the whole effect of this is simply to make the injunction effectual against all through whom the
 
 enjoined party
 
 may act, and to prevent the prohibited action by persons acting in concert with or in support of the claim of the
 
 enjoined party,
 
 who are in fact
 
 his
 
 aiders and abetters. As we have said, this practice is thoroughly settled and approved by the courts, and there is a fair foundation for a conclusion that persons so co-operating with the enjoined party are guilty of a disobedience of the injunction.” To the same effect is
 
 Morton
 
 v.
 
 Superior Court
 
 (1884), 65 Cal. 496 [4 P. 489].
 
 In re Morford
 
 (1934), 137 Cal.App. 662, 666 [31 P.2d 406], also holds “that a person not a party to the action may nevertheless be bound by an injunction if he had knowledge of it, provided he acted in collusion with the person directly restrained by the order.”
 

 It is also well settled that service of a restraining order or injunction need not be shown to establish a charge of contempt. One who, with knowledge of the order or injunction, does some act forbidden by it, and who comes within one of the classes of persons already mentioned who are subject to the order or injunction, is guilty of contempt.
 
 (Shibley
 
 v.
 
 Superior Court
 
 (1927), 202 Cal. 738, 741 [262 P. 332] ;
 
 McFarland
 
 v.
 
 Superior Court
 
 (1924), 194 Cal. 407, 423 [228 P. 1033] ;
 
 In re Brambini
 
 (1923), 192 Cal. 19, 36 [218 P. 569] ;
 
 Berger
 
 v.
 
 Superior Court, supra,
 
 (1917), 175 Cal. 719, 721;
 
 Lake
 
 v.
 
 Superior Court
 
 (1913), 165 Cal. 182, 192 [131 P. 371];
 
 Mitchell
 
 v.
 
 Superior Court
 
 (1912), 163 Cal. 423, 425
 
 *Supp. 980
 
 [125 P. 1061] ;
 
 Golden Gate etc. M. Co.
 
 v.
 
 Superior Court
 
 (1884), 65 Cal. 187, 190 [3 P. 628];
 
 In re Bray
 
 (1932), 125 Cal.App. 363, 366 [13 P.2d 813].)
 

 Plaintiff also contends, and we agree, that where contempt of court is charged as a crime, under section 166 of the Penal Code, section 31 of that code is applicable, and one who is not otherwise subject to the injunction or restraining order may be charged as a principal, if he aids and abets in its violation. Of course, this involves, as a matter of proof, knowledge by the person so charged of the order he i4 accused of violating, for without such knowledge he could not be an abettor (7 Cal.Jur. 889); but it does not require any further allegation in the pleading than would, be necessary against the principal.
 

 Defendants argue, in support of the demurrer, that the complaint is bad because it does not allege that they had knowledge of the order. Plaintiff in its brief declines to discuss this point or any point other than those raised by the trial court, on the ground that they are not raised by the demurrer, pointing to the provision of section 1428.2, Penal Code, that “the demurrer . . . must set forth with particularity the reasons why the complaint is insufficient or it may be disregarded. ’ ’ It has been held that in the superior courts, where there is a like provision (Pen. Code, § 1005), the demurrer must be specific in stating objections.
 
 (People
 
 v.
 
 Bradbury
 
 (1909), 155 Cal. 808, 813 [103 P. 215].) But this rule does not avert inquiry into the point just stated, for the demurrer does specify that it cannot be ascertained from the complaint how the defendants or any of them “received knowledge of, or knew of the existence of” something not clearly described but obviously meant to be the order in question. This we regard as sufficient particularity.
 

 The answer to this argument of defendant follows from the foregoing discussion. The essence of the charge here is that the defendants “did wilfully and unlawfully and knowingly . . . disobey a lawful order of the Superior Court.” This includes substantially the words of the statute, although it substitutes “lawful order” for the statutory phrase “order lawfully issued.” This charge includes such knowledge on defendants’ part as is necessary to hold them in contempt. The words “wilfully and unlawfully” alone are sufficient for that purpose.
 
 (People
 
 v.
 
 Odom
 
 (1937), 19 Cal.App.2d 641, 646 [66 P.2d 206]); in addition to which the
 
 *Supp. 981
 
 complaint here alleges that the defendants “knowingly” disobeyed the order. This word also gives the defendants notice of the offense charged, and satisfies section 1426, as far as the matter of knowledge is concerned.
 

 Defendants further contend that the complaint must fall because it does not allege what acts they did by way of disobeying the restraining order. This objection also is set forth with particularity in the demurrer. But we find nothing in section 1426 which requires such an allegation. The acts enjoined by the restraining order are such that the mere statement that it was disobeyed, meaning, of course, that some or all of the forbidden acts were done, is sufficient to inform the defendants of the nature of the charge and enable them to answer. To violate the restraining order defendants must have obstructed ingress or egress to or from the places of business of the plaintiff in the action by walking, marching or standing. Further certainty would not be required by section 1426, and the lack of it would, therefore, not be a ground of demurrer. The allegation here resembles that passed on in
 
 In re Winston
 
 (1911), 160 Cal. 18, 21 [16 P. 390], where the court held that a complaint charging battery, which merely alleged that the defendant “did unlawfully and wilfully use force and violence upon the person of the affiant,” without stating the particular acts of force and violence, “certainly discloses the
 
 character
 
 of the offense charged.” We find particularly applicable here this statement applied by the Supreme Court to a murder charge, in
 
 People
 
 v.
 
 King
 
 (1865), 27 Cal. 507, 510 [87 Am.Dec. 95], “If the defendant is guilty, he stands in need of no information to be derived from a perusal of the indictment, as to the means used by him in committing the act or the manner in which it was done, for as to both his own knowledge is quite as reliable as any statements contained in the indictment. If he is not guilty, the information could not aid in the preparation of his defense.” This language was quoted with approval in
 
 People
 
 v.
 
 Song Ah Duck
 
 (1882), 61 Cal. 387, 389;
 
 People
 
 v.
 
 Dunn, supra,
 
 (1940), 40 Cal.App.2d 6, 13;
 
 People
 
 v.
 
 Beesly, supra,
 
 (1931), 119 Cal.App. 82, 85;
 
 People
 
 v.
 
 Plum, supra,
 
 (1928), 88 Cal.App. 575, 586; and
 
 People
 
 v.
 
 Malley
 
 (1920), 49 Cal.App. 597, 604 [194 P. 48], It was approved without exact quotation in
 
 People
 
 v.
 
 Cronin
 
 (1867), 34 Cal. 191, 200, and the approval in the Cronin case was quoted approvingly
 
 *Supp. 982
 
 in
 
 People
 
 v.
 
 Welton, supra,
 
 (1922), 190 Cal. 236, 239; and
 
 People
 
 v.
 
 Evanoff
 
 (1919), 45 Cal.App. 108, 114 [187 P. 54].
 

 Defendants cite
 
 Berger
 
 v.
 
 Superior Court, supra,
 
 (1917), 175 Cal. 719, which reviewed a civil proceeding taken under the Code of Civil Procedure, and an order made therein finding the petitioner guilty of contempt of court for violating an injunction. The court there stated the familiar rule that the affidavit by which such a proceeding is instituted must, in order to support an adjudication of contempt, state facts constituting the contempt, and annulled the order in question because the affidavit did not show why the defendant, who was not a party to the injunction action, should be held bound by the injunction.
 
 In re McDonald
 
 (1932), 217 Cal. 29 [16 P.2d 995], also cited, was a similar case. Other cases are cited where the party complaining was charged with contempt under the provisions of sections 1209 et seq. of the Code of Civil Procedure, all holding that the affidavit which charges a constructive contempt must state every fact necessary to constitute the contempt. We have no doubt that the complaint here would be entirely insufficient, if filed under the provisions of the Code of Civil Procedure, to support an adjudication of contempt, but we do not regard the rule in such cases as having any application to the procedure in a criminal action. The Legislature has prescribed no rule of pleading for summary contempt proceedings under the provisions of the code last cited relating to constructive contempt, except that the charging affidavit must state “the facts constituting the contempt (Code Civ. Proc., § 1211). Following this the decisions on which defendants rely have established the rule above referred to. But here we have a different code to consider, and its provisions regarding pleading are very different. A violation of section 166 of the Penal Code is a misdemeanor and as such it is to be prosecuted in the same manner as other misdemeanors. That manner is determined by the Penal Code, and rules established for proceedings under another code are not applicable unless special reference is made to them in the Penal Code or they are expressly made applicable to criminal actions. Neither of those conditions exists here; hence we apply the rules of pleading established by the Penal Code and the decisions under it. Such a course is plainly indicated in
 
 In re Morris
 
 (1924), 194 Cal. 63, 67, 69 [227 P. 914], where the distinction between the two modes of procedure for punishing con
 
 *Supp. 983
 
 tempt is pointed out, and it is held that proceedings under the Penal Code are not subject to the mode of procedure prescribed by section 1212 of the Code of Civil Procedure. See, also,
 
 In re Bruns
 
 (1936), 15 Cal.App.2d 1, 5 [58 P.2d 1318], holding that the provisions of the Code of Civil Procedure generally relating to contempt have no application to prosecutions under section 166 of the Penal Code.
 

 Defendants further contend that the parts of the order which they are accused of violating prohibited conduct which was beyond the power of the court to enjoin, and that they are therefore void and defendants committed no contempt in disobeying them. The right to engage in peaceful picketing as an exercise of the constitutional guaranty of freedom of speech is now firmly established.
 
 (McKay
 
 v.
 
 Retail Auto S. L. Union No. 1067
 
 (1940), 16 Cal.2d 311, 319 [106 P.2d 373];
 
 In re Bell
 
 (1942), 19 Cal.2d 488, 497 [122 P.2d 22];
 
 Thornhill
 
 v.
 
 Alabama
 
 (1940), 310 U.S. 88, 102 [60 S.Ct. 736, 84 L.Ed. 1093, 1102].) The portion of the order designated “4,” set forth in the complaint as above quoted, does not materially differ from an injunction held to be an infringement of this constitutional right in
 
 Pezold
 
 v.
 
 Amalgamated etc. Workmen
 
 (1942), 54 Cal.App.2d 120, 126 [128 P.2d 611]. It is also the same in scope as the ordinance held to infringe this constitutional right in
 
 In re Bell
 
 (1942), 19 Cal.2d 488, 497 [122 P.2d 22], Were the order to be regarded as one to which the rule of these cases is applicable, we must hold it to be void. But there is another matter to be considered. In
 
 Steiner
 
 v.
 
 Long Beach Local No. 128
 
 (1942), 19 Cal.2d 676, 683 [123 P.2d 20], the court, following
 
 Milk Wagon Drivers’ Union
 
 v.
 
 Meadowmoor Dairies, Inc.
 
 (1941), 312 U.S. 287 [61 S.Ct. 552, 85 L.Ed. 836, 842, 132 A.L.R. 1200], laid down the further rule that “. . . where past picketing has become so irrevocably blended with acts of violence, physical intimidation or other unlawful conduct as to give rise to a justifiable belief that future picketing is likely to result in a continuance of the illegal acts, an injunction restraining a labor organization from any and all picketing lies within the equitable power of the court and does not constitute an infringement of the right of free speech. ’ ’
 

 Under this rule, an order such as we have in clause 4 could be properly made. The record on which the order was made is not before us, so we cannot now ascertain the fact of this matter. But the complaint alleges that the
 
 *Supp. 984
 
 order was “a lawful order.” This, while not in the exact words of section 166, Penal Code, which refers to an order “lawfully issued,” is so near to these words as to be substantially an allegation “in the words of the enactment” (Pen. Code, § 1426); and hence, under the rules of pleading already discussed, it imports that the order was made on such a state of facts as would render it lawful.
 

 Furthermore, the part of the order designated as “5.” is unquestionably valid. Its purpose is merely to preserve for plaintiff and its visitors the right of ingress and egress to and from its premises, and no constitutional provision stands in the way of such an order. The complaint alleging a wilful disobedience of this part of the order states a public offense of which defendants can be convicted on sufficient evidence, even though clause 4 may eventually appear to be invalid.
 

 The judgment is reversed with directions to the municipal court to overrule the demurrer to Count II of the complaint and permit the defendants to plead to it.
 

 Bishop, J., and Kincaid, J., concurred.