[Crim. No. 3341. In Bank.—September 24, 1930.]

THE PEOPLE, Respondent, v. PEDRO MAGSAYSAY, Appellant.

Burns & Watkins and Peckinpah & Green for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Appellant was accused of the crime of murder. He claimed to have killed the deceased in self-

defense. The jury refused to accept his plea, and returned a verdict finding him guilty of murder in the first degree, without recommendation. A motion for new trial was made and denied, and appellant was sentenced to pay the extreme penalty. He has appealed from the judgment of conviction and from the order denying his motion.

The judgment and order must be affirmed, and upon the following grounds: The information charging that appellant "murdered" the decedent was sufficient. (*People* v. *Coen*, 205 Cal. 596, 603 [271 Pac. 1074].) It states the offense in ordinary and concise language and is in the short form prescribed by the legislature. (Pen. Code, sec. 949 et seq.)

It was not error to admit in evidence the photographs showing the exact condition of the body of the dead man at the time it was found. (*People* v. *Gomez*, 209 Cal. 296 [286 Pac. 998].) But little use seems to have been made of them. The autopsy surgeon testified that one of them showed the condition of the body on which he performed the autopsy. Other than the evidences of decay caused by the body having been buried for more than two weeks, it is not shown or contended that the photographs did not correctly depict the condition of the deceased after the murder. The appellant admitted that he killed the deceased, and we do not believe the admission of the photographs in any way prejudiced his cause.

The jury was properly instructed. Aside from the usual *pro forma* instructions, the trial court fully and explicitly charged it as to the definition of murder and its two degrees, and on the question of self-defense; and read to it section 1096 of the Penal Code. No further instruction on the subject of the presumption of innocence or defining reasonable doubt was required to be given. (Pen. Code, sec. 1096a.)

While the district attorney went too far when, in the course of his argument, he told the jury what happened in connection with a riot at the Folsom state penitentiary, because "a jury in this same courthouse not so long ago gave" another murderer life imprisonment instead of imposing the death penalty, we are not prepared to say that the verdict in this case would have been different if the remark had not been made. The appellant killed the de-

ceased in an atrocious manner, and the jury rejected his plea of self-defense. Appellant makes no claim that the evidence is insufficient to sustain the conviction.

The judgment and order appealed from are, and each is, affirmed.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.