[Crim. No. 4128.   In Bank.—October 18, 1937.]

THE PEOPLE, Respondent, v. LEE GRANT GOODWIN et al., Appellants.

William W. Larsen and William J. F. Brown for Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The appellants, who are brothers, were found guilty on several counts of an amended information filed by the district attorney of Los Angeles County. Specifically, they stand convicted of murder of the first degree, robbery, assault with a deadly weapon and two like assaults with intent to commit murder. The jury by its verdict impliedly having rejected Grant Goodwin's dual plea of not guilty and not guilty by reason of insanity and having returned a verdict on the murder charge without recommendation, judgment imposing the extreme penalty has been entered against him. In the case of Patrick Goodwin, whose plea went solely to the general issue, the jury recommended life imprisonment on the murder charge and he has been accordingly sentenced. Each appellant, in addition, has been sentenced as prescribed by law on the lesser offenses, some

of said sentences running concurrently while others are to run consecutively.

The several offenses were the outgrowth of the robbery of a combination grocery store and market in the perpetration of which robbery or while fleeing from the scene thereof, one of the offenders, admittedly Grant Goodwin, shot and killed the store manager, assaulted a customer and fired several shots at a pursuing police car containing two officers. Some of the shots struck the pursuing car.

Pat Goodwin challenges the sufficiency of the evidence to sustain his conviction of the several designated offenses and urges, in effect, that while he admittedly was with his brother and codefendant on the night in question, he had gone with him without knowledge that his brother possessed a gun and had entered the store for the purpose of robbery. He contends that he remained in their automobile, the engine of which was concededly kept running, while his brother ostensibly departed to purchase some cigarettes. Grant Goodwin, who, as indicated, admitted the robbery and the firing of the fatal shot, as well as firing upon the pursuing officers, corroborates his brother's testimony as to the latter's innocence of and nonparticipation in the commission of the several offenses.

However, there was ample evidence from which the jury reasonably might, and did, conclude that Patrick Goodwin was a willing participant in the series of crimes of which he stands convicted. In this connection, and in contradiction of the appellants' evidence that Patrick Goodwin did not leave the automobile at the scene of the robbery, the prosecution produced a disinterested witness who testified that immediately prior to the robbery and homicide he had seen Patrick Goodwin just inside the door of the market looking around and later talking to his codefendant on the sidewalk.

This may well have been interpreted by the jury as a reconnoitering expedition followed by a conference as to the method to be employed in perpetrating the robbery. The attempt to impeach the testimony of said witness because of minor and immaterial discrepancies between his testimony upon the preliminary hearing and at the trial, is deserving of no more than passing mention.

Immediately after the robbery and homicide, Grant Goodwin ran to the automobile which was then driven away at

a high rate of speed by Patrick Goodwin. After a chase of approximately ten miles, in which shots were exchanged between the fleeing car and the pursuing police car, the former was finally overtaken. In it, and wounded, was Patrick Goodwin. His brother apparently had abandoned the car during the chase. This evidence of flight, coupled with the other evidence in the record, undoubtedly weighed against Patrick Goodwin and warranted the jury in concluding that his was a knowing and guilty participation in the events already mentioned.

■ There can be no question as to the sufficiency of the evidence as to the appellant Grant Goodwin in the face of his admission that he was the moving force in the commission of the several crimes. His claim that the killing of the person robbed was the result of an accidental discharge of his gun, lacks in substance and in legal significance. (Sec. 189, Pen. Code; *People* v. *West,* 215 Cal. 87 [8 Pac. (2d) 463].)

■ We find no merit in the contention that it was error to permit the introduction into evidence of two photographs of the deceased. They were identified by the autopsy surgeon as being faithful and accurate representations of that portion of the body of the deceased showing the gunshot wound. The authorities clearly establish their admissibility. (*People* v. *Magsaysay,* 210 Cal. 301 [291 Pac. 582]; *People* v. *Burkhart,* 211 Cal. 726 [297 Pac. 11]; *People* v. *Gomez,* 209 Cal. 296, 300 [286 Pac. 998].)

■ From what already has been said as to the sufficiency of the evidence, it necessarily follows that, contrary to the appellants' contention here, it was not error for the trial court to refuse to instruct the jury, as requested, to find the appellants not guilty.

■ We likewise find no error in the refusal of the court below to give "defendants' instruction No. 13". In other instructions, the court had fully and correctly informed the jury as to the burden to be met by the prosecution before either or both of the defendants might be found guilty. Moreover, contrary to section 3 of rule VIII, appellants' brief fails to set forth the other and proper instructions upon the subject.

Similarly, we find no error in the refusal to give a requested instruction on circumstantial evidence. The subject

was sufficiently and properly covered in the charge to the jury.

It is next urged that with respect to the appellant Grant Goodwin the district attorney was guilty of prejudicial misconduct in that in his closing argument to the jury he indicated that ''the penalty for murder of the first degree is capital punishment, unless there are circumstances of mitigation. . . . '' The contention is made that under the provisions of section 190 of the Penal Code the penalty for murder of the first degree is either capital punishment or life imprisonment in the discretion of the jury, without regard to the presence or absence of extenuating circumstances. In a number of cases it has been held not to be erroneous for the trial court to instruct the jury, in substance, that the lighter sentence should be recommended only in the event mitigating circumstances were found to exist. (*People* v. *Rogers*, 163 Cal. 476, 483, 484 [126 Pac. 143]; *People* v. *Wolfgang*, 192 Cal. 754, 762 [221 Pac. 907]; *People* v. *Gosden*, 6 Cal. (2d) 14 [56 Pac. (2d) 211].) In the light of these authorities, comment or argument of the district attorney to the same effect, may not be held to be prejudicially erroneous, as here urged.

Without the citation of authority, and with little persuasiveness, the appellant Grant Goodwin also urges that the court below erred in refusing to grant him a continuance on the trial of the sanity issue, in overruling his objection to the trial of said issue by the same jury that passed on the general issue, and in refusing him permission before the trial of the sanity issue to reexamine the jurors for cause and to exercise additional peremptory challenges. The several contentions lack merit and extended discussion thereof is unnecessary.

The judgments and orders are, and each is, affirmed.

Shenk, J., Curtis, J., Edmonds, J., and Nourse, J., *pro tem.*, concurred.